Russell Mikolajczyk et al., Appellants, v M.C. Morgan Contractors, Inc., et al., Respondents. [709 NYS2d 283] —Order unanimously reversed on the law without costs, motions and cross motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Russell Mikolajczyk (plaintiff) when he slipped and fell on snow-covered ice on a walkway located on property owned by defendant Juanita Morgan. Defendant M.C. Morgan Contractors, Inc. (MCM) leased all or a part of the entire property, which consists of three buildings. Defendant Kathy Stranahan and Kathy Stranahan, doing business as Weber's Certified Public Scales (collectively Stranahan), leased all or a portion of the front office building and the weigh scales outside that building from Morgan or MCM. The accident occurred on a walkway located between the back door of the front office building and the adjacent warehouse. Supreme Court granted those parts of the motions of Morgan and Stranahan and that part of the cross motion of MCM for summary judgment dismissing the complaint. We reverse.

Defendants failed to meet their initial burden of establishing that they had no duty to maintain the property, particularly the walkway at issue. With respect to Morgan, although an out-of-possession landlord is generally not liable for injuries resulting from a defect on the leased premises, "one who retains control of the premises * * * may be liable for defects" (*Young v Moran Props.*, 259 AD2d 1037, 1038). The record establishes that Morgan was at the premises often and would occasionally remove the snow or use salt on the premises. Morgan thus failed to meet her initial burden of establishing that she did not retain control of the premises (*see, Jenkins v Ehmer,* 272 AD2d 976). MCM and Stranahan also failed to meet their initial burden of establishing that they did not control the walkway. The record establishes that, in the years prior to plaintiff's accident, an employee of MCM would clear the walkways and parking areas. At the time of the accident, MCM was no longer actively operating its business, but it was still in existence. Stranahan was actively operating her business at the time of the accident, and the record contains deposition testimony that Stranahan would occasionally shovel or use salt on the walkway.

Even assuming that defendants established that they had no actual notice of the allegedly dangerous condition, we conclude that they failed to meet their initial burden of establishing that they had no constructive notice of it. According to plaintiff's deposition testimony, there were snow drifts between

the office building and the warehouse, the snow on the walkway came up to plaintiff's mid-calf, and the ice beneath the snow was thick. There was no allegation that there was a storm in progress, and the record establishes that the walkway had not been cleared of snow or ice for at least a couple of weeks prior to the accident. Morgan admitted that the walkway was not kept clear of snow and ice. Thus, defendants failed to meet their burden of establishing that the allegedly dangerous condition was not visible and apparent for a sufficient length of time prior to the accident to permit them, in the exercise of reasonable care, to discover and remedy it (*see, Duman v City of Buffalo,* 269 AD2d 848; *see generally, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838; *Appleby v Webb,* 186 AD2d 1078). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.