■ DIANNE CARPENTER, Appellant, v PENN TRAFFIC COMPANY, Doing Business as P & C FOODS, et al., Respondents. [744 NYS2d 617] —Appeal from an order of Supreme Court, Oneida County (Tenney, J.), entered May 18, 2001, which granted the motions and cross motion of defendants for summary judgment dismissing the second supplemental complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion of defendant Benderson Development Company, Inc. seeking summary judgment

dismissing the second supplemental complaint against it and reinstating the second supplemental complaint against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she allegedly slipped and fell on a patch of ice in the parking lot of a shopping plaza. Supreme Court properly granted the motion of defendant Penn Traffic Company, doing business as P & C Foods (Penn Traffic), seeking summary judgment dismissing the second supplemental complaint against it. Penn Traffic, a tenant in the shopping plaza, established its entitlement to judgment as a matter of law by demonstrating that it neither owned the parking lot nor assumed a duty to maintain it and thus owed no duty to plaintiff with respect to the condition of the parking lot (*see Falu v 233 Assoc.,* 258 AD2d 342, 343; *see also Orr v Spring,* 288 AD2d 663, 665). The court also properly granted that part of the motion of defendant James Dean Enterprises (Dean) seeking summary judgment dismissing the second supplemental complaint against it. Dean, the snow removal contractor for the shopping plaza, established its entitlement to judgment as a matter of law by demonstrating that it did not owe a duty of reasonable care to plaintiff (*see Murphy v Ogletree,* 266 AD2d 860; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943, *lv denied* 89 NY2d 812). Plaintiff failed to raise a triable issue of fact with respect to the existence of a duty owed to her by Penn Traffic or Dean.

The court erred, however, in granting that part of the cross motion of defendant Benderson Development Company, Inc. (Benderson) seeking summary judgment dismissing the second supplemental complaint against it. Benderson, the manager of the shopping plaza, failed to meet its "burden of establishing that the allegedly dangerous condition was not visible and apparent for a sufficient length of time prior to the accident to permit [Benderson], in the exercise of reasonable care, to discover and remedy it" (*Mikolajczyk v Morgan Contrs.,* 273 AD2d 864, 865; *see Duman v City of Buffalo,* 269 AD2d 848, 849). In any event, even assuming that Benderson met its initial burden, we conclude that plaintiff raised a triable issue of fact whether Benderson had constructive notice of the allegedly dangerous condition (*see Baillet v Auerbach,* 277 AD2d 335; *Pacelli v Pinsley,* 267 AD2d 706, 707-708). We therefore modify the order by denying that part of the cross motion of Benderson seeking summary judgment dismissing the second supplemental complaint against it and reinstating the second supplemental complaint against it.

On appeal Benderson does not address the propriety of the court's denial of that part of its cross motion seeking summary judgment in the third-party action, nor does Dean address the propriety of the court's denial of that part of its motion seeking summary judgment dismissing the third-party complaint. We therefore do not address those parts of the order (*see Chase Automotive Fin. Corp. v Allstate Ins. Co.*, 280 AD2d 761, 763). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.