CAROL EDWARDS, Individually and as Parent and Natural Guardian of BRIANA EDWARDS, an Infant, Appellant, v ARLINGTON MALL ASSOCIATES et al., Respondents and Third-Party Plaintiffs. TOWN OF CLAY, Third-Party Defendant-Respondent. [775 NYS2d 673]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 15, 2003. The order granted defendants' motion for summary judgment dismissing the amended complaint and third-party defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion and third-party defendant's cross motion in

part and reinstating the amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries sustained by her 10-year-old daughter when she tripped and fell on premises owned by defendants. Supreme Court erred in granting defendants' motion for summary judgment dismissing the amended complaint and that part of third-party defendant's cross motion seeking that same relief, and thus we modify the order accordingly. Defendants and third-party defendant failed to establish their entitlement to judgment as a matter of law on the issues whether the premises were negligently maintained in a defective or hazardous condition, whether defendants created or had actual or constructive notice of that alleged defect or hazard, and whether the alleged defect or hazard caused the injuries (*see Gonzalez v Padin,* 299 AD2d 954 [2002]; *see also Hunley v University of Rochester Strong Mem. Hosp.,* 294 AD2d 923 [2002]). In support of the motion and cross motion, defendants and third-party defendant contended that plaintiff would be unable to prove negligence or causation because of the inability of her daughter at her deposition to recall whether she tripped and, if so, what caused her to trip. "It is well established, however, that '[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (*Dodge v City of Hornell Indus. Dev. Agency,* 286 AD2d 902, 903 [2001], quoting *Orcutt v American Linen Supply Co.,* 212 AD2d 979, 980 [1995]; *see Hunley,* 294 AD2d 923 [2002]; *Kajfasz v Wal-Mart Stores,* 288 AD2d 902 [2001]). Because defendants and third-party defendant failed to meet their initial burden in seeking summary judgment dismissing the amended complaint, their request for that relief must be denied without consideration of the sufficiency of plaintiff's opposing papers (*see McDonald v Snyder,* 307 AD2d 745, 746 [2003]; *Frazier v Pioneer Cent. School Dist.,* 298 AD2d 875 [2002]; *Gentile v University of Rochester Med. Ctr.,* 292 AD2d 874 [2002]). In any event, we conclude that plaintiff raised triable issues of fact with respect to negligence and causation (*see Gonzalez,* 299 AD2d at 954-955; *Carpenter v Penn Traffic Co.,* 296 AD2d 842, 843 [2002]; *Kajfasz,* 288 AD2d 902 [2001]). Finally, in the absence of a cross appeal by defendants, we affirm the order, as reconciled with the decision (*see Matter of Edward V,* 204 AD2d 1060, 1061 [1994]), to the extent that the court granted that part of third-party defendant's cross motion for summary judgment dismissing the third-party complaint. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.