■ ARCHIE SANDERS et al., Respondents, v WAL-MART STORES, INC., Appellant. [780 NYS2d 417]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 17, 2003 in Essex County, which denied defendant's motion for summary judgment dismissing the complaint.

On March 6, 2001, at approximately 10:00 A.M., plaintiff Archie Sanders was exiting defendant's store in the Town of Ticonderoga, Essex County, when he allegedly slipped and fell on pavement covered with snow and ice near the entrance. Plaintiffs commenced this action contending, inter alia, that defendant failed to maintain its premises in a reasonably safe condition. Thereafter, Supreme Court denied defendant's motion for summary judgment based on the "storm in progress" doctrine, prompting this appeal.

Significantly, a landowner's duty to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and for a reasonable time after it has ceased (*see Chapman v Pounds,* 268 AD2d 769, 770 [2000]; *Wood v Converse,* 263 AD2d 860, 861 [1999]). There is also no duty to remedy a hazardous condition during a break in a storm since such lulls do not amount to cessation of the storm (*see Ioele v Wal-Mart Stores,* 290 AD2d 614, 616 [2002]; *Jensen v Roohan,* 233 AD2d 587, 588 [1996]). A defendant employing the "storm in progress" defense on summary judgment must show a prima facie entitlement to judgment based on that defense and, if that burden is met, the opponent of the motion must come forward with competent, admissible evidence establishing the existence of a triable issue of fact (*see Cohen v A.R. Fuel,* 290 AD2d 640, 641 [2002]; *Howard v J.A.J. Realty Enters.,* 283 AD2d 854, 855 [2001]).

Here, defendant proceeded on the theory that its duty to clear snow and ice from the entrance to the store had not yet attached because there was a major snowstorm in progress at the

time of the accident. In support of its motion, defendant provided, inter alia, testimony from a plow operator and, in addition, meteorological records from weather stations in the Town of Elizabethtown, Essex County, as well as the towns of Cornwall and Salisbury in Vermont, indicating that the storm began in the very early hours of March 5, 2001, and ended sometime on March 7, 2001. While the distance between those locations and Ticonderoga renders the reports of questionable evidentiary value (*cf. Schleifman v Prime Hospitality Corp.,* 246 AD2d 789, 790 [1998]), we, nevertheless, find that the proof submitted by defendant was sufficient to shift the burden to plaintiffs as to the issue of the timing of the storm (*see* CPLR 3212 [b]).

Plaintiffs' evidence in opposition consists of, inter alia, Sanders' own testimony and affidavit, as well as affidavits from two nonparty witnesses, who all stated that they observed the snow cease very late on March 5, 2001 and that no snow fell between approximately midnight and the time of the accident. Plaintiffs also offered an affidavit with supporting records from Phillip Falconer, a meteorologist, indicating that, according to the weather station in the immediate Ticonderoga area, no precipitation fell at any time on March 6, 2001. However, Supreme Court labeled this proof as confusing, inasmuch as the Ticonderoga meteorological record also inexplicably shows no precipitation for the date of March 5, 2001, a reading which conflicts with the undisputed evidence from both parties. Nevertheless, regardless of that proof, we conclude that Supreme Court properly held that plaintiffs offered competent, admissible evidence showing that the storm had ended several hours before the accident and, thus, a question of fact exists precluding summary judgment (*see LaDue v G & A Group,* 241 AD2d 791, 792 [1997]).

We have examined defendant's remaining contentions and find them to be unpersuasive.

Mercure, Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.