■ DEANNA E. SANTERRE et al., Respondents, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER FOOD STORES, INC., et al., Appellants, et al., Defendant. [782 NYS2d 891]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered February 19, 2002. The order denied the motion of defendants The Golub Corporation, doing business as Price Chopper Food Stores, Inc., and K-Mart Corporation to dismiss the complaint against them and denied their motion for leave to reargue.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [1990]) and the order is affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Deanna E. Santerre (plaintiff) when she slipped and fell on ice outside the entrance to a supermarket sublet to and occupied by defendant The Golub Corporation, doing business as Price Chopper Food Stores, Inc. (Golub). We conclude that Supreme Court properly denied the motion of Golub and defendant K-Mart Corporation (K-Mart), the lessee of the entire shopping center and the occupant of a store adjacent to the supermarket, for summary judgment dismissing the complaint against them.

Golub and K-Mart contend that Golub owed no duty to plaintiff and that the court therefore erred in refusing to dismiss the complaint against Golub on that ground. We conclude that the court properly determined that Golub owed a duty to plaintiff based on the provisions of the lease and sublease and further based on Golub's exercise of control over the common area where plaintiff fell. There is evidence in the record that Golub had a procedure in place to clear snow and ice from the entranceway and sidewalk adjacent to its supermarket. Indeed, the record establishes that, within minutes before plaintiff's fall, Golub's employee had cleared ice from and spread salt on a small area directly in front of the entrance to the supermarket, within a few feet of where plaintiff fell. Given that evidence of

Golub's control over the immediate area in question and undertaking of efforts to remove ice and snow within that area, we conclude that Golub is not entitled to summary judgment dismissing the complaint against it based on the alleged absence of a duty owed to plaintiff (*see Mikolajczyk v M.C. Morgan Contrs.*, 273 AD2d 864 [2000]; *Coyle v Gerritsen Ave. Shopping Ctr.*,176 AD2d 232 [1991]; *Farrar v Teicholz*, 173 AD2d 674, 677 [1991]).

Although Golub and K-Mart established their entitlement to judgment as a matter of law on the issue whether plaintiff's fall occurred while a storm was in progress or within a reasonable time thereafter (*see Cerra v Perk Dev.*, 197 AD2d 851 [1993]; *see also Vickery v Estate of Brockman*, 278 AD2d 913, 914 [2000]), plaintiffs raised a triable question of fact in that respect. According to the deposition testimony of plaintiffs along with the affidavits of plaintiffs and their expert, plaintiff fell at least two hours following the cessation of freezing precipitation, an interval that arguably gave Golub and K-Mart a sufficient opportunity to clear the ice from the supermarket entranceway (*see Tucciarone v Windsor Owners Corp.*, 306 AD2d 162, 163 [2003]; *Williams v Geneva B. Scruggs Community Health Care Ctr.*, 255 AD2d 982, 983 [1998]).

Although Golub and K-Mart established that they did not create the allegedly dangerous or defective condition of the entranceway, they failed to establish as a matter of law that they had no actual or constructive notice of the condition (*see Edwards v Arlington Mall Assoc.*, 6 AD3d 1136 [2004]; *Gonzalez v Padin*, 299 AD2d 954 [2002]). In any event, we conclude that plaintiffs raised a triable issue of fact with respect thereto (*see Smith v City of Syracuse*, 298 AD2d 842 [2002]; *Carpenter v Penn Traffic Co.*, 296 AD2d 842, 843 [2002]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.