■ Douglas A. Martin, Respondent, v William E. Wagner et al., Appellants. [816 NYS2d 243]—

Cardona, P.J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 17, 2005 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for injuries he allegedly sustained on February 7, 2003 when he slipped and fell on the driveway of defendants' home in the City of Ithaca, Tompkins County. At the time of the incident, plaintiff was a cable company employee who was scheduled to perform maintenance at defendants' home. At his examination before trial, plaintiff testified that he could not recall whether it was snowing that morning or at the time he arrived at defendants' home. He stated that, after parking his vehicle on defendants' driveway, he exited and started walking towards the rear of the vehicle at which time he fell as a result of an "ice-snow mix, slippery, slippery surface." Plaintiff stated that he could not recall whether defendants' driveway was shoveled. According to the deposition testimony and supporting affidavit of defendant Anna J. Wagner, she saw plaintiff arrive at her home around 12:00 P.M. and witnessed his fall. She immediately went outside to check on plaintiff. She testified that it was snowing at that

time and she asked plaintiff if she could get him a hat because snowflakes were falling on his hair. Defendant William E. Wagner indicated that he had personally plowed his driveway the previous day, February 6, 2003, and it was clear of snow and ice after he finished. He further testified that although he could not remember whether it had snowed on the morning of February 7, 2003, it had started to snow by the time plaintiff arrived. In his affidavit, he recalled that his wife asked "plaintiff if he needed a hat as the snowflakes were falling in his hair."

Defendants moved for summary judgment dismissing the complaint on the grounds that the incident occurred during a snowstorm in progress and that they had no prior notice of a dangerous condition. Supreme Court denied the motion, prompting this appeal.

Defendants contend that Supreme Court should have granted their motion for summary judgment since the record establishes that plaintiff's accident occurred during a snowstorm. "[A] landowner's duty to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and for a reasonable time after it has ceased," even if there is a lull in the course of the storm (*Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595 [2004]; *see Seavey v Meliak Mobile Ct.*, 246 AD2d 902, 903 [1998]). Here, in support of their motion, defendants offered the above-mentioned deposition testimony as well as meteorological records seeking to substantiate their claim that plaintiff sustained his injury during the course of an ongoing snowstorm. The meteorological records, taken at the Northeast Regional Climate Center, located approximately 7½ miles from defendants' residence, reveal that light snow showers were detected around 7:00 P.M. on February 6, 2003, with the temperature approximately 25 degrees, with light snow falling until midnight. At 6:00 A.M. on February 7, 2003, the next time the climate center recorded the weather conditions, temperature remained at 25 degrees and light snow was detected which continued, along with occasional "fog/mist," until 4:00 P.M. Based on the meteorological records and defendants' testimony, we conclude that defendants met their initial burden to demonstrate that plaintiff's injury occurred during a storm in progress (*see Ioele v Wal-Mart Stores*, 290 AD2d 614, 616 [2002]).

In opposition, plaintiff submitted his deposition testimony as well as an affidavit from meteorologist Stephen Wistar, who indicated that, despite the relative proximity between defendants' residence and the Northeast Regional Climate Center, it was possible that each location could receive differing amounts of snowfall. As a result, Wistar testified that "[u]sing only those

records submitted by defendants, it is impossible to state within a reasonable degree of meteorological certainty that there was any snowfall at defendants' residence on February 7, 2003."

In our view, plaintiff failed to raise a triable issue of fact disputing defendants' showing that a storm was in progress at the time of the accident and plaintiff's injuries were caused by the prevailing weather conditions (*see Cohen v A.R. Fuel*, 290 AD2d 640, 641 [2002]). Significantly, neither plaintiff's deposition testimony nor the affidavit from the meteorologist *contradict* defendants' affirmative proof that it was snowing at the time plaintiff fell. Furthermore, while a question of fact could be raised by the production of "admissible evidence that the condition which caused plaintiff's accident existed prior to the storm and that the precipitation or snow accumulation from the ongoing storm was not the cause of the fall" (*Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 660 [2000]; *see Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673 [2004]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]), here, plaintiff produced no proof indicating that the "snow-ice" condition which he claimed caused his fall was anything other than the result of a fresh accumulation. There was no proof tending to show that defendants created that condition or had actual or constructive notice of it (*see DiGrazia v Lemmon*, 28 AD3d 926, 927-928 [2006]). Accordingly, defendants' motion for summary judgment dismissing the complaint should have been granted.

Mercure, Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.