■ MARIE THOMPSON et al., Respondents, v MENANDS HOLDING, LLC, et al., Appellants, et al., Defendant. [820 NYS2d 172]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered November 30, 2005 in Albany County, which denied certain defendants' motion for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered January 3, 2006 in Albany County, which, upon reconsideration, adhered to its prior order.

According to plaintiff Marie Thompson, she sustained injuries on April 4, 2003, at approximately 8:00 A.M., when she slipped and fell on ice in a parking lot located on property owned by defendant Menands Holding, LLC and maintained by defendant Bornado Realty Trust (hereinafter collectively referred to as defendants) in the Village of Menands, Albany County. At the time of the incident, Thompson was exiting her vehicle in order to enter her place of employment. During her examination before trial, Thompson indicated that she did not remember what the weather conditions were at the time of the accident, nor did she recall seeing any accumulated ice or snow when entering the parking lot. After she fell, she noticed ice in the parking lot in "[b]etween the parked cars and the lanes that you go in the cars [and] in the parking spot itself." She described the ice as "glassy" and agreed that it looked "like the color of the parking lot surface." She stated that after she entered her workplace she informed the building supervisor that she fell in the parking lot, which was a "sheet of ice" and needed to be cleaned up.

Thereafter, Thompson and her husband, derivatively, commenced this action alleging, among other things, that defendants negligently maintained the parking lot by allowing ice to accumulate. After joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that there was an ice storm in progress at the time of Thompson's fall. Supreme Court denied that motion and, subsequently, upon granting defendants' motion for reconsideration, adhered to its prior order, resulting in these appeals.

Defendants contend that Supreme Court erred when it denied their motion for summary judgment based upon the "storm in

progress" doctrine. Notably, the duty of a landowner " 'to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and for a reasonable time after it has ceased,' even if there is a lull in the course of the storm" (*Martin v Wagner*, 30 AD3d 733, 734 [2006], quoting *Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595 [2004]). Here, in support of their motion, defendants provided, among other things, Thompson's examination before trial testimony and the affidavit of meteorologist Mark Kramer, who, utilizing meteorological records for, among other areas, the City of Albany, opined, that: "based on a reasonable degree of meteorological certainty, . . . freezing drizzle began falling in the region at approximately 7 PM on April 3. Beginning at approximately 8 PM on April 3 with air temperatures continuously below freezing, either freezing rain or an unknown precipitation type fell unabated through midnight. Furthermore, on April 4, freezing precipitation fell continuously through 7:31 AM and again between 7:57 AM and 8:19 AM."

According to Kramer, any ice at the location of Thompson's fall was the result of an "ongoing ice storm that began approximately 13 hours prior to the incident," which produced "freezing drizzle and freezing rain that caused glaze (clear ice, 'black ice')." We find that the foregoing proof sufficiently demonstrated that Thompson's fall occurred during an ongoing ice storm for purposes of this motion (*see Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673 [2004]). Therefore, the burden shifted to plaintiffs to demonstrate whether a genuine issue of triable fact exists on that issue.

In opposition to defendants' motion, plaintiffs provided the affidavit of meteorologist Phillip Falconer, who also utilized meteorological records for the Albany area and disagreed with, among other things, Kramer's conclusions as to the time the ice storm ended. Significantly, Falconer concluded that the greatest effect of the ice storm occurred in "the early morning hours of April 4th" and any precipitation that could have produced the hazardous condition had ceased by 5:40 A.M. on the morning of Thompson's accident. In our view, plaintiffs' proof was sufficient to demonstrate a triable issue of fact "as to when the freezing rain storm ended and whether defendant[s] had a reasonable period of time in which to take corrective measures prior to [the accident]" (*Seavey v Meliak Mobile Ct.*, 246 AD2d 902, 904 [1998]). Accordingly, examining the record as a whole, we find no reason to disturb Supreme Court's conclusion that issues of fact precluded a grant of summary judgment to defendants at this juncture.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.