█ CANDACE S. BOYNTON et al., Appellants, v PATRICIA A. EAVES, Respondent. [888 NYS2d 253]—

Cardona, P.J. Appeal from an order of the Supreme Court (Devine, J.), entered April 4, 2008 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint.

At about midnight on February 1, 2003, plaintiff Candace Boynton (hereinafter plaintiff) allegedly slipped and fell on the sidewalk outside her apartment, breaking her ankle. Plaintiff and her husband, derivatively, commenced this action against defendant, the owner of the apartment, seeking damages for her injury. Defendant moved for summary judgment dismissing the complaint on the grounds that there was a storm in progress at the time of the accident and that she had no notice of an icy condition. Supreme Court granted the motion, plaintiffs appealed, and we now affirm.

In support of summary judgment, defendant submitted the affidavit of a meteorologist stating that intermittent light snow fell in the vicinity of plaintiffs' apartment between 8:45 A.M. on February 1, 2003 and 4:30 A.M. on February 2, 2003, with approximately one inch of snow having accumulated by the time of plaintiff's accident. This constituted adequate evidence that there was a storm in progress at the time of plaintiff's accident (*see Grinnell v Phil Rose Apts., LLC*, 60 AD3d 1256, 1256-1257 [2009]). Since "a landowner's duty to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and for a reasonable time after it has ceased" (*Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595 [2004]; *see Martin v Wagner*, 30 AD3d 733, 734 [2006]), the burden then shifted to plaintiffs to show that the accident was caused by ice that existed prior to the storm instead of precipitation from the storm in progress (*see Martin v Wagner*, 30 AD3d at 735; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]).

In opposition, plaintiff submitted her own affidavit stating that at the time of her fall the sidewalk had been covered with ice and snow for at least a week. However, inasmuch as this statement is contrary to her earlier deposition testimony, wherein she stated that there had been a snowfall of "[a]t least a couple of feet" within the preceding week, after which the sidewalk had been shoveled, it is insufficient to raise a triable issue as to whether a preexisting condition, rather than the storm in progress at the time of the accident, caused her injury (*see Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1384 [2008]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d at 715). Her further statement that it was not snowing at the time she fell is also unavailing, as a lull in the storm does not remove a case from the storm in progress doctrine (*see Martin v Wagner*, 30 AD3d at 734; *Sanders v Wal-Mart Stores*, 9 AD3d at 595). Because plaintiffs' proof was not sufficient to defeat summary judgment, the complaint was properly dismissed.

Plaintiffs' remaining contentions have been examined and found to be unpersuasive.

Peters, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.