■ RALPH BAKER, Respondent, v WILLIAM CAYEA et al., Appellants. [903 NYS2d 210]—

McCarthy, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 27, 2009 in St. Lawrence County, which, among other things, denied defendants' motion for summary judgment.

Plaintiff slipped and fell on ice in the driveway outside his apartment, injuring his arm. He commenced this action against defendants, his landlords, alleging that they negligently maintained the property. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding triable questions of fact. On defendants' appeal, we affirm.

Initially, the deposition testimony raised questions as to where exactly plaintiff fell and who owns that property. Plaintiff testified that he fell near the edge of the driveway where it meets the sidewalk that runs along the side of the house where he lived. Defendant William Cayea testified that he found plaintiff 12 to 15 feet from where the driveway meets the sidewalk. Cayea and an owner of the neighboring property testified that the neighbors owned the driveway.* Neither had their property surveyed, but Cayea testified that defendants' property line was two feet beyond the sidewalk, whereas the neighbor testified that defendants owned eight feet beyond the house where plaintiff lived. No one testified as to how wide the sidewalk was, and the neighbor was unsure if defendants owned any of the paved driveway. Questions of fact concerning whether defendants owned the property where plaintiff fell, and were thus responsible for maintaining it, precluded Supreme Court from granting summary judgment (*cf. O'Brien v Trustees of Troy Annual Conference of United Methodist Church*, 257 AD2d 954, 955 [1999]).

---

* Plaintiff also commenced suit against the owners of the neighboring property. Supreme Court granted their motion for summary judgment and the parties have discontinued that action.

Even if defendants do not own the driveway, testimony established that the sidewalk was plaintiff's only method of ingress and egress from his apartment. Plaintiff testified that a snowbank prevented him from using the sidewalk and he was required to walk in the icy driveway to leave the property to attend a medical appointment on the day of his fall. This failure to maintain the sidewalk—premises that are admittedly owned by defendants—could result in a finding of negligence (*see Perrelli v Orlow*, 273 AD2d 533, 534-535 [2000]). Cayea and plaintiff each testified that Cayea shoveled snow from and salted the sidewalk and driveway, raising questions concerning whether defendants exercised control over the driveway and thereby assumed a duty to maintain the driveway as a means of passage for plaintiff, who was their tenant (*see Silverberg v Palmerino*, 61 AD3d 1032, 1034-1035 [2009]; *Rossal-Daub v Walter*, 58 AD3d 992, 995-996 [2009]; *Holling v Dawn M., Inc.*, 24 AD3d 1010, 1011 [2005], *lv denied* 7 NY3d 704 [2006]; *Arsenault v Regan Trust*, 263 AD2d 754, 755 [1999]). These questions further precluded a grant of summary judgment.

Defendants contend that regardless of any questions concerning their duty to maintain the premises, they were not negligent. The parties' testimony and meteorological data present conflicting versions of whether a storm was in progress so as to suspend defendants' duty to remedy the dangerous condition until a reasonable time after the storm had ceased (*see Thompson v Menands Holding, LLC*, 32 AD3d 622, 624 [2006]; *Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595-596 [2004]). That same conflicting evidence applies to whether defendants had notice of the icy condition and a sufficient time to deal with that condition (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315-1316 [2007]). While Cayea was at the location to spread salt at around the time of plaintiff's accident, the testimony diverged as to whether he had actually salted any part of the driveway prior to the accident (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074-1075 [2007]). A triable issue exists as to whether Cayea's actions met defendants' obligation to remedy the dangerous condition within a reasonable time after it arose or they reasonably had notice of it. Accordingly, Supreme Court properly denied defendants' motion for summary judgment.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.