██ JON R. BROWN JR., Respondent, v BT-NEWYO, LLC, Formerly Known as NEWBANY CORPORATION, Appellant. [941 NYS2d 343]—

McCarthy, J. Appeal from an order of the Supreme Court (Gilpatric, J.), entered June 30, 2011 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In February 2005, plaintiff allegedly slipped on a patch of ice in a parking lot owned by defendant. Defendant leased the premises to plaintiff's employer, United Parcel Service (hereinafter UPS), pursuant to a written lease agreement. Plaintiff commenced this action alleging, among other things, that defendant was negligent in failing to place gutters and snow stops on the roof of the building to prevent the accumulation of snow and ice, which would then melt off the roof onto the parking lot, where it would freeze and create a hazardous condition. Plaintiff asserted that defendant thereby violated the Property Maintenance Code of New York State (*see generally* 19 NYCRR 1226.1). Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting defendant's appeal.

Defendant, as an out-of-possession landlord, was not liable for plaintiff's injuries. Generally, "an out-of-possession landlord who relinquishes control of the premises is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises" (*Brady v Cocozzo*, 174 AD2d 814, 814 [1991]). Under an exception to that rule, "[a]n out-of possession landlord who retains the right to reenter the leased premises for purposes of inspection or structural repair may be held liable for injuries to third parties only where the injuries arise from structural defects or a specific statutory violation" (*Sauer v Mannino*, 309 AD2d 1053, 1053-1054 [2003]; *see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566

[1987]).[1] "[O]nly a significant structural or design defect that is contrary to a specific statutory safety provision will support imposition of liability against the landlord" (*Velazquez v Tyler Graphics*, 214 AD2d 489, 489 [1995]). Lack of gutters on the building did not constitute such a defect.

Defendant met its burden of establishing a prima facie entitlement to summary judgment. UPS management employees testified that UPS hired a company to plow snow and apply sand and salt on the premises when necessary. The owner of the plowing company testified regarding his duties and performance of them. A UPS manager testified that he recommended to UPS's plant engineering department that gutters be installed on the building because he was concerned that icicles forming on the edge of the roof could pose a danger.[2] Defendant also submitted the expert affidavit of a licensed architect who averred that the absence of gutters on this type of building was typical, the building complied with all applicable building codes and it did not violate any statutory safety provisions.

In opposition, plaintiff failed to raise a triable issue of fact regarding whether defendant violated a specific statutory safety provision. Plaintiff submitted an expert affidavit of a licensed professional engineer who averred that, by failing to install gutters and snow stops, defendant left no proper means for snow and ice to drain away from the building, creating a hazardous condition in violation of Property Maintenance Code §§ 302.3, 303.1 and 303.7 (*see* 19 NYCRR 1226.1 [a]). Even if plaintiff could meet its burden by relying on violations of regulations as opposed to statutory violations (*but see Velazquez v Tyler Graphics*, 214 AD2d at 490), and if plaintiff had submitted proof that the regulations were violated, the cited provisions of the Property Maintenance Code are either inapplicable or general rather than specific.

Property Maintenance Code § 302.3 requires that driveways or parking areas "shall be kept in a proper state of repair, and maintained free from hazardous conditions." Similarly, Property Maintenance Code § 303.1 requires that the exterior of structures "shall be maintained in good repair, structurally

1. The lease here required UPS to be responsible for all maintenance and repairs on the premises, including prompt removal of snow and ice. Viewing the lease in plaintiff's favor for purposes of this motion, however, defendant reserved the right to enter the premises to inspect and to remedy problems if UPS did not fulfill its obligations under the lease.

2. UPS installed gutters following plaintiff's accident, without obtaining defendant's permission. While not relevant to liability, this demonstrates that UPS had the authority to install gutters on the building with no input from defendant.

sound and sanitary so as not to pose a threat to the public health, safety or welfare." These are general provisions, not requiring owners to comply with any specific safety requirements, and there is no proof that the building was not in good repair or was structurally unsound. Property Maintenance Code § 303.7 provides, in part, that "[r]oof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance." That section does not require buildings to have gutters and downspouts; it only requires that, if a building does have them, those drainage aides be in good repair and unobstructed. The record does not contain proof that water from the roof created a *public* nuisance, as the water remained on defendant's property and, although the public was invited to use portions of the property, the record lacks proof that the roof water caused an infringement "upon the exercise of rights common to all people" (*Haire v Bonelli*, 57 AD3d 1354, 1358 [2008]; *see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001]).

Finally, plaintiff may not rely on defendant's purported breach of the lease to defeat defendant's motion. The lease specifically provides that the rights and obligations therein are intended only for the benefit of defendant and UPS, not for any third parties. Thus, any alleged breach of the lease may not give rise to defendant's liability to plaintiff as a third-party beneficiary (*see O'Gorman v Gold Shield Sec. & Investigation*, 221 AD2d 325, 326 [1995]).

Defendant's remaining contentions, to the extent that they are properly before us, have been reviewed and we find them unavailing.

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.