*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                    518130
_____

VERNON WHITTINGTON,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

CHAMPLAIN CENTRE NORTH LLC,
                    Respondent.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                        _____


        Flink Smith, LLC, Albany (Christopher A. Guetti of
counsel), for appellant.

        Goldberg Segalla, LLP, Syracuse (Molly M. Ryan of counsel),
for respondent.


                        _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Ryan, J.),
entered September 16, 2013 in Clinton County, which granted
defendant's motion for summary judgment dismissing the complaint.

        Plaintiff was injured when he slipped and fell as he
descended stairs while working at Dergham Enterprises, Inc.,
doing business as DND Unisex Hair Design (hereinafter DND), a
business located in defendant's shopping mall.  A loose vinyl or
rubber stair tread allegedly slid when plaintiff stepped on it,
causing him to fall.  The stairs were located within the area of
the mall where DND had operated its business in premises it had
leased from defendant since the late 1980s.  Following discovery,
defendant moved for summary judgment dismissing the complaint
upon the ground that, as an out-of-possession landlord, it owed

no duty to plaintiff to maintain the stairs located in premises leased to DND. Supreme Court granted defendant's motion. Plaintiff appeals.

"Generally, 'an out-of-possession landlord who relinquishes control of the premises is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises'" (Brown v BT-Newyo, LLC, 93 AD3d 1138, 1138 [2012], lv denied 19 NY3d 815 [2012], quoting Brady v Cocozzo, 174 AD2d 814, 814 [1991]). "'Exceptions to this rule include situations where the landlord retains control of the premises, has specifically contracted to repair or maintain the property, has through a course of conduct assumed a responsibility to maintain or repair the property or has affirmatively created a dangerous condition'" (Vanderlyn v Daly, 97 AD3d 1053, 1055 [2012], lv denied 20 NY3d 853 [2012], quoting Davison v Wiggand, 247 AD2d 700, 701 [1998]). Plaintiff contends that defendant assumed a duty to make repairs pursuant to the terms of the lease, by its course of conduct and/or under a statutory provision.

Although defendant reserved the right in the article of the lease addressing entry to the premises (article 20) to do so at reasonable times for the purpose of inspecting the premises and making necessary repairs, that article further stated that nothing therein should imply a duty for defendant to perform DND's obligations under the lease. In article 10, which addressed repairs and maintenance, the lease provided that defendant's obligation was limited to the outside walls, structure and foundation, whereas DND's duty extended broadly to the nonstructural portions of the leased premises. A nonexclusive list of items for which DND was responsible included, among many others, "floor coverings" and encompassed "improvements located within or exclusively serving the [p]remises." The lease clearly delineated that DND was responsible for maintenance and repair in the area where the accident occurred, and defendant's limited right to enter was "'insufficient to establish the requisite degree of control necessary for the imposition of liability'" (Vanderlyn v Daly, 97 AD3d at 1055, quoting Grady v Hoffman, 63 AD3d 1266, 1268 [2009]; see Schwegler v City of Niagara Falls, 21 AD3d 1268, 1269-1270 [2005]).

    Plaintiff failed to raise a triable issue as to whether
defendant assumed a duty to repair the loose stair tread by its
course of conduct.  An out-of-possession landlord that has a
right to enter the premises may be liable if it has assumed a
duty to make repairs and it has notice of a dangerous condition
(see Pomeroy v Gelber, 117 AD3d 1161, 1162 [2014]; Marino v A.G.
Props. of Kingston, LLC, 85 AD3d 1429, 1429-1430 [2011]).  Here,
DND's president acknowledged that DND was responsible for
maintenance and repair in the relevant area of the store.  The
fact that employees of defendant used the subject stairs when
conducting fire inspections did not give rise to a duty to
repair.  Although defendant's employees indicated that notice
would be given to a store of a dangerous condition observed
therein, defendant's employees did not undertake repairs of such
conditions.  Plaintiff failed to present proof that defendant
assumed a duty to repair the stair tread in DND's store by a
course of conduct or otherwise.  The general provisions of Labor
Law § 376 are not sufficient, under the circumstances of this
case, to establish a duty of an out-of-possession landlord to an
employee of a lessee injured on premises controlled by the lessee
(see Brown v BT-Newyo, LLC, 93 AD3d at 1138-1139; see also
Mastrokostas v 673 Madison, LLC, 109 AD3d 459, 460 [2013]).

    Garry, Egan Jr., Lynch and Devine, JJ., concur.


    ORDERED that the order is affirmed, with costs.




            ENTER:


            Robert D. Mayberger
            Clerk of the Court