*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520148
_____

TAMMY McLAUGHLIN,

                        Appellant,

        v

22 NEW SCOTLAND AVENUE, LLC,              MEMORANDUM AND ORDER
                        Respondent.

ALBANY MEDICAL CENTER HOSPITAL,
                        Respondent.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        DeGraff, Foy & Kunz, LLP, Albany (Nicole R. Rodgers of
counsel), for appellant.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Peter B.
Balouskas of counsel), for 22 New Scotland Avenue, LLC,
respondent.

        Maynard, O'Connor, Smith, Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for Albany Medical Center Hospital,
respondent.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (Connolly, J.),
entered August 11, 2014 in Albany County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        At approximately 8:30 a.m. on February 21, 2011, plaintiff

slipped and fell while descending an access ramp outside Albany
Medical Center Hospital (hereinafter AMCH) in the City of Albany
resulting in an injury to her wrist.  The premises is — and was
at all relevant times — owned by defendant and leased by AMCH.
Plaintiff thereafter commenced this negligence action against
defendant seeking to recover for her injuries.  Following joinder
of issue, defendant moved for summary judgment dismissing the
complaint on the grounds that it was an out-of-possession
landlord and the storm in progress doctrine applied.  On June 16,
2014, plaintiff cross-moved to amend the complaint to add AMCH as
a defendant.  Supreme Court granted defendant's motion for
summary judgment dismissing the complaint and denied plaintiff's
cross motion.  Plaintiff now appeals.

Initially, we agree with plaintiff that Supreme Court
improperly granted defendant's motion for summary judgment on the
basis of the storm in progress doctrine.  Such doctrine
recognizes the "realities of problems caused by winter weather"
(Hilsman v Sarwil Assoc., L.P., 13 AD3d 692, 693 [2004] [internal
quotation marks and citation omitted]) and relieves property
owners from liability for dangerous snowy or icy conditions
caused by an "ongoing hazardous weather condition" by affording
them a reasonable amount of time after the storm to remediate
dangerous conditions (Zima v North Colonie Cent. School Dist.,
225 AD2d 993, 994 [1996]; see Solazzo v New York City Tr. Auth.,
6 NY3d 734, 735 [2005]).  A lull or break in the winter storm,
however, does not trigger a defendant's duty to clear snow and
ice (see Grinnell v Phil Rose Apts., LLC, 60 AD3d 1256, 1256-1257
[2009]; Ioele v Wal-Mart Stores, 290 AD2d 614, 616 [2002]).

Here, although defendant carried its prima facie burden by
establishing that plaintiff's injury "was precipitated by a
hazardous snow or ice-related condition caused by an ongoing
storm" (Howard v J.A.J. Realty Enters., 283 AD2d 854, 855 [2001];
see Sanders v Wal-Mart Stores, Inc., 9 AD3d 595, 595 [2004]),
plaintiff likewise met her shifted burden of demonstrating a
material issue of fact.  Specifically, plaintiff was able to
adequately demonstrate the possibility that the ice that had
caused her to fall existed prior to the storm in progress and
that defendant had either actual or constructive notice of the
hazard (see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126,

1126-1127 [2011]).  Thus, viewing the evidence in the light most favorable to plaintiff, as we must (see e.g. Cross v Labombard, 127 AD3d 1355, 1356 [2015]), Supreme Court improperly determined that summary judgment was appropriate on the basis of the storm in progress doctrine.

However, we nonetheless find that dismissal of plaintiff's complaint was warranted.  "'As a general rule, an out-of-possession landlord is not responsible for dangerous conditions existing upon leased premises after possession of the premises has been transferred to the tenant.  Exceptions to this rule include situations where the landlord retains control of the premises, has specifically contracted to repair or maintain the property, has through a course of conduct assumed a responsibility to maintain or repair the property or has affirmatively created a dangerous condition' thereon" (Pomeroy v Gelber, 117 AD3d 1161, 1162 [2014], quoting Vanderlyn v Daly, 97 AD3d 1053, 1055 [2012], lv denied 20 NY3d 853 [2012] [internal quotation marks and citations omitted]).

Here, an affidavit from Richard Rossen, a member of defendant, demonstrates that defendant owns the premises, which is — and was at the time of plaintiff's accident — leased to AMCH.  He stated that, upon leasing the premises, defendant transferred possession and control of the premises to AMCH, did not retain any contractual obligation to perform snow or ice maintenance, did not perform or hire another entity to perform such maintenance and was unaware of any dangerous condition that may have existed at the time of the accident.  The lease further provided that AMCH would be responsible for snow removal at its own expense.  Gary Ruger, the director of maintenance for AMCH, testified at his deposition that he supervises the maintenance for the premises, which includes snow and ice removal from sidewalks and entrances.  Ruger also testified that AMCH maintenance staff are trained in how to clear the access ramps. Thus, defendant met its prima facie burden of demonstrating its entitlement to summary judgment on the basis that it was an out-of-possession landlord (see Holling v Dawn M., Inc., 24 AD3d 1010, 1010-1011 [2005], lv denied 7 NY3d 704 [2006]; Hinds v Consolidated Rail Corp., 263 AD2d 590, 591-592 [1999]).

Contrary to plaintiff's position, the management agreement between defendant and another company is insufficient to meet her shifted burden of raising a triable issue of material fact. Specifically, such agreement provides that AMCH "shall make all repairs and perform all maintenance on the building, appurtenances and grounds," while the other company merely has a duty to conduct periodic inspections of the premises and report any shortcomings in maintenance responsibilities to defendant. Thus, on the record before us, plaintiff failed to show that defendant, as an out-of-possession landlord, exercised any control over the premises. Accordingly, summary judgment was properly granted to defendant on this issue (see Whittington v Champlain Ctr. N. LLC, 123 AD3d 1253, 1254-1255 [2014]; Brown v BT-Newyo, LLC, 93 AD3d 1138, 1139 [2012], lv denied 19 NY3d 815 [2012]; Del Giacco v Noteworthy Co., 175 AD2d 516, 518 [1991]).

We also conclude that Supreme Court properly denied plaintiff's cross motion to amend her complaint to assert a cause of action against AMCH after the running of the applicable statute of limitations period (see CPLR 214 [5]). In this regard, the relation back doctrine permits a plaintiff to amend the complaint to add a defendant even though the statute of limitations had expired at the time of amendment so long as three requirements are met: "(1) both claims must arise out of the same occurrence, (2) [the] defendant and [the new party] were united in interest, and by reason of that relationship can be charged with notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) [the new party] knew or should have known that, but for a mistake by [the] plaintiff as to the identity of the proper party, the action would have been brought against it as well " (Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1150 [2007]). While there is no dispute that the first prong of this test is satisfied under these circumstances, we agree with Supreme Court that defendant and AMCH do not share unity of interest inasmuch as they cannot be said to "stand or fall together" (Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 796-797 [2005], lv dismissed and denied 5 NY3d 873 [2005]; see Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1475-1476 [2014]). "Indeed, unless the original defendant and new party are vicariously liable for the acts of the other[,] there is no unity of interest

between them" (<u>Zehnick v Meadowbrook II Assoc.</u>, 20 AD3d at 796-797 [internal quotation marks, ellipsis and citation omitted]).  Thus, Supreme Court properly denied plaintiff's cross motion to amend the complaint.

Defendant's remaining contention is found to be without merit.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, with one bill of costs.

ENTER:

Robert D. Mayberger
Clerk of the Court