Johnson v Pixley Dev. Corp. (2019 NY Slip Op 01040)





Johnson v Pixley Dev. Corp.


2019 NY Slip Op 01040


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1369 CA 18-00474

[*1]JASON JOHNSON, PLAINTIFF-APPELLANT-RESPONDENT,
v
PIXLEY DEVELOPMENT CORP., DEFENDANT-RESPONDENT-APPELLANT, AND CANDY APPLE CAFÉ, INC., DEFENDANT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
SUGARMAN LAW FIRM, LLP, BUFFALO (MARINA A. MURRAY OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 8, 2017. The order granted the motion of defendant Candy Apple Café, Inc., seeking summary judgment and dismissed the complaint and cross claims against it, denied the motion of defendant Pixley Development Corp., seeking summary judgment dismissing the complaint and the cross claim against it, and denied plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the cross claims of defendant Pixley Development Corp., denying the motion of defendant Candy Apple Café, Inc. in part and reinstating the complaint against it insofar as the complaint alleges that Candy Apple Café, Inc. had constructive notice of the alleged dangerous condition, and granting the motion of defendant Pixley Development Corp. in part and dismissing the complaint against it insofar as the complaint alleges that Pixley Development Corp. had actual notice of the alleged dangerous condition, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he allegedly slipped and fell on ice in the rear delivery area behind a plaza owned by defendant Pixley Development Corp. (Pixley) while delivering supplies to defendant Candy Apple Café, Inc. (Café), a tenant of the plaza. Plaintiff moved for summary judgment on the complaint, and defendants separately moved for, inter alia, summary judgment dismissing the complaint against them. Supreme Court granted the Café's motion, dismissing the complaint as well as all cross claims against the Café, but denied the motions of Pixley and plaintiff. Plaintiff appeals and Pixley cross-appeals.
As an initial matter, we conclude that the court erred in dismissing Pixley's cross claims against the Café inasmuch as the cross claims were not " the subject of the motions before the
court' " (Sullivan v Troser Mgt., Inc., 15 AD3d 1011, 1012 [4th Dept 2005], quoting Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; see Delaine v Finger Lakes Fire & Cas. Co., 23 AD3d 1143, 1144 [4th Dept 2005]), and we therefore modify the order accordingly. Additionally, we conclude that the court erred in granting that part of the Café's motion for summary judgment dismissing the complaint against it insofar as the complaint alleges that the Café had constructive notice of the icy condition; the court also erred in denying that part of Pixley's motion for summary judgment dismissing the complaint against it insofar as the [*2]complaint alleges that Pixley had actual notice of the icy condition. We therefore further modify the order accordingly.
We agree with plaintiff and Pixley on their appeal and cross appeal that the Café failed to establish as a matter of law that it did not owe a duty to plaintiff. " Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . . The existence of one or more of these elements is sufficient to give rise to a duty of care. Where none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property' " (Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103 [4th Dept 2006]; see Knight v Realty USA.COM, Inc., 96 AD3d 1443, 1444 [4th Dept 2012]). Although the Café established that it did not occupy or own the rear delivery area and did not employ it for a special use, the Café failed to establish as a matter of law that it did not exercise control over that area. The evidence submitted by the Café demonstrates that it had "a procedure in place to clear snow and ice" from at least some portion of the rear delivery area (Santerre v Golub Corp., 11 AD3d 945, 946 [4th Dept 2004]; cf. Figueroa v Tso, 251 AD2d 959, 959 [3d Dept 1998]) and thus "assumed some responsibility for maintenance of [that area], including snow removal" (Silverberg v Palmerino, 61 AD3d 1032, 1034 [3d Dept 2009]; see Baker v Cayea, 74 AD3d 1619, 1620 [3d Dept 2010]). We thus conclude that triable issues of fact exist concerning the Café's "control over the immediate area in question and [its] undertaking of efforts to remove ice and snow within that area" (Santerre, 11 AD3d at 947).
Inasmuch as it is undisputed that Pixley, as owner of the plaza, owed a duty to plaintiff and there are triable issues of fact whether the Café owed a duty to plaintiff, the next question becomes whether there are issues of fact concerning their breach of those duties, i.e., whether they created the dangerous condition " or had actual or constructive notice of it and a reasonable time within which to remedy it' " (Stever v HSBC Bank USA, N.A., 82 AD3d 1680, 1681 [4th Dept 2011], lv denied 17 NY3d 705 [2011]; see also Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967 [2d Dept 2017]). By briefing the issue of only constructive notice as it regards the Café, we conclude that plaintiff has "abandoned any claims that [the Café] had actual notice of or created the dangerous condition" (Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397 [4th Dept 2017]). Nevertheless, inasmuch as Pixley opposed the Café's motion on the grounds that the Café had either actual or constructive notice of the allegedly dangerous condition, we must address the merits of those two theories of negligence as asserted against the Café. We therefore affirm that part of the order granting the Cafe's motion for summary judgment dismissing the complaint against it insofar as the complaint alleges that the Café created the allegedly dangerous condition as well as that part of the order denying plaintiff's motion for summary judgment on the complaint to the extent that the complaint alleges that the Café created or had actual notice of the allegedly dangerous condition (see generally Burriesci v Paul Revere Life Ins. Co., 255 AD2d 993, 994 [4th Dept 1998]).
With respect to the issue of actual notice, we conclude that the Café and Pixley met their initial burdens of establishing that they lacked such notice by demonstrating that they received no complaints concerning the relevant area and were unaware of any ice in that location before plaintiff's accident (see Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 857 [4th Dept 2005]). In opposition to the Café's motion, Pixley did not submit any evidence raising a triable issue of fact whether the Café had actual notice of the dangerous condition. We thus conclude that, contrary to Pixley's contention, the court properly granted the Café's motion with respect to the allegation that the Café had actual notice of the dangerous condition. Although plaintiff submitted evidence in support of his motion and in opposition to Pixley's motion from which it could be inferred that Pixley had a general awareness of icy conditions at the plaza in the days preceding plaintiff's accident, it is well settled that a " [g]eneral awareness that snow or ice may be present is legally insufficient to constitute notice of the particular condition that caused' a plaintiff to fall" (Krieger v McDonald's Rest. of N.Y., Inc., 79 AD3d 1827, 1829 [4th Dept 2010], lv dismissed 17 NY3d 734 [2011]; see Cosgrove v River Oaks Rest., LLC, 161 AD3d 1575, 1576 [4th Dept 2018]). We therefore further conclude that the court erred in denying Pixley's motion with respect to the allegation that Pixley had actual notice of the dangerous condition and properly denied plaintiff's motion for summary judgment with respect to that allegation against Pixley.
Even assuming, arguendo, that defendants met their initial burden of establishing that [*3]they lacked constructive notice of the dangerous condition, we conclude that plaintiff raised triable issues of fact whether the alleged defect was "visible and apparent and [existed] for a sufficient length of time prior to the accident to permit [defendants] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). We thus conclude that the court erred in granting the Café's motion with respect to the allegation that the Café had constructive notice of the dangerous condition, properly denied Pixley's motion with respect to the allegation that Pixley had constructive notice of the dangerous condition, and properly denied plaintiff's motion with respect to those issues.
Contrary to Pixley's contention, we conclude that the court properly denied its motion with respect to the allegation that Pixley created the dangerous condition. Although Pixley met its initial burden on that theory of negligence, plaintiff raised triable issues of fact whether Pixley's past repairs and repaving of the rear delivery area created the dangerous condition (see Cosgrove, 161 AD3d at 1577; Benty v First Methodist Church of Oakfield, 24 AD3d 1189, 1190 [4th Dept 2005]). Contrary to Pixley's further contention, the fact that plaintiff's expert engineer based his opinion upon an inspection that occurred three years after the accident does not render the expert's affidavit speculative inasmuch as the expert reviewed many other contemporaneous documents. Moreover, although that "asserted shortcoming may well go to the weight to be accorded the expert's opinion at trial," the expert affidavit is nevertheless sufficient to raise a triable issue of fact on summary judgment as to Pixley's creation of a dangerous condition where, as here, there is no evidence that the conditions of the lot had changed since the accident (Hyatt v Price Chopper Operating Co., Inc., 90 AD3d 1218, 1220 [3d Dept 2011]; cf. Garcia v Jesuits of Fordham, Inc., 6 AD3d 163, 166 [1st Dept 2004]). Due to those triable issues of fact, we conclude that the court properly denied plaintiff's motion with respect to the allegation that Pixley created the dangerous condition.
Inasmuch as there are triable issues of fact concerning defendants' negligence, we further conclude that the court properly denied plaintiff's motion with respect to the issue of proximate cause.
Contrary to the contentions of the parties, we conclude that no one was entitled to summary judgment related to defendants' storm-in-progress affirmative defenses. Although defendants met their initial burden of establishing as a matter of law that there was a storm in progress at the time of the accident, plaintiff raised a triable issue of fact whether the ice on which he slipped had formed before the storm commenced by submitting the detailed affidavit of his expert meteorologist, the relevant weather reports and the affidavit of his coworker (see Hayes v Norstar Apts., LLC, 77 AD3d 1329, 1330 [4th Dept 2010]; Sheldon v Henderson & Johnson Co., Inc., 75 AD3d 1155, 1156 [4th Dept 2010]; Schuster v Dukarm, 38 AD3d 1358, 1359 [4th Dept 2007]).
Finally, we conclude that the court properly denied without prejudice that part of plaintiff's motion that sought a "decision to th[e] effect" that Pixley violated six sections of the Property Maintenance Code of New York. Contrary to Pixley's contention, the claims that Pixley violated those sections were properly raised in the original and supplemental bills of particulars (see generally Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231, 232 [1st Dept 2000]). We nevertheless conclude that plaintiff's expert failed to establish as a matter of law that Pixley violated those sections on the date of plaintiff's accident (see Garcia, 6 AD3d at 166). Inasmuch as plaintiff failed to meet his initial burden related to those claims, the burden never shifted to Pixley to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court