■ SIDNEY J. STIBER, Respondent, v JOSEPH COTRONE et al., Appellants, et al., Defendants.—Kane, J. Appeal from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered May 1, 1986 in Albany County, which partially granted plaintiff's motion for summary judgment.

In July 1977, defendants Joseph Cotrone and Alexander Zanetti discussed with plaintiff the purchase of a number of restaurants that plaintiff was offering for sale. Of the seven restaurants involved, three were in the Albany area and four were located in or near Syracuse. All of the restaurants were

operated under a franchise agreement with Lum's. According to defendants, during the course of negotiations, plaintiff made representations about the restaurants' financial status and profitability which proved to be less than accurate. Relying upon these representations, Cotrone and Zanetti agreed to buy the restaurants and a written agreement was executed in March 1978 (hereinafter the first agreement).

By the terms of the first agreement, defendant Zancot Enterprises, Inc. (of which Cotrone and Zanetti are principals) was to make payments to plaintiff by a series of 120 monthly promissory notes. Some of these notes were to be personally guaranteed by Cotrone, Zanetti and their wives, defendants Anita Cotrone and Diana Zanetti. Plaintiff also received security interests in all of the restaurants' equipment and fixtures. Cotrone and Zanetti received all of the stock of the individual corporations that owned each of the restaurants, which included defendants Charwulf Restaurant Corporation, C.A.W.P., Inc., Dorloud Restaurant Corporation and Shel-West Auburn Corporation.

A dispute immediately developed over what Cotrone and Zanetti perceived to be defects in some of the restaurant equipment, unassumed debts and problems with profitability. No installment payments were made. The parties' discussions about these disputes culminated in the execution of a new agreement in July 1979 (hereinafter the second agreement).

Under the terms of the second agreement, plaintiff reassumed possession of three of the restaurants and reduced the purchase price for the other four restaurants from the original price of approximately $817,000 to $585,000. Payments were once again to be made by a series of interest-bearing promissory notes. Most importantly, the parties agreed to release each other from any claims arising under the first agreement, including those presently disputed and those which may be disputed in the future.

Plaintiff received approximately $12,000 in payments under the second agreement and then payments ceased. Plaintiff commenced the instant action in March 1980. His motion for an order of seizure to take possession of the restaurant property in which he had security interests was denied. Subsequently, plaintiff served an amended complaint. As had their original answer, defendants' answer to the amended complaint interposed a counterclaim for fraud. Plaintiff thereafter moved for summary judgment.

Special Term found that defendants had released plaintiff

from any claim arising out of the first agreement by the language of release appearing in the second agreement. Since the allegations of fraud were the only factual issues contested by defendants, Special Term further found that defendants had not raised any triable issues of fact as to breach of the second agreement. The court ordered Cotrone, Zanetti and the corporate defendants to specifically perform under the second agreement by executing and delivering the agreed-upon promissory notes. Since they had not been parties to the second agreement, Special Term dismissed the action as to Anita Cotrone and Diana Zanetti. This appeal by the remaining defendants (hereinafter defendants) ensued.

Defendants contend that plaintiff's showing on the motion for summary judgment was insufficient. Specifically, they note that plaintiff did not address many of the particular allegations of misrepresentation that defendants set forth in their bill of particulars and affidavits. On the other hand, plaintiff contends that it was unnecessary for him to refute defendants' allegations of misrepresentation. He argues that all the conduct that defendants complain about in their specific allegations occurred prior to, or at most just after, the execution of the first agreement. Since these claims predate the second agreement, plaintiff asserts that Special Term could properly ignore them as having been released by the second agreement. In that defendants do not refute any of the elements of plaintiff's claim under the second agreement, to wit, the existence of a binding agreement under which payments were due and defendants' failure to pay, plaintiff contends that summary judgment was properly granted.

We find plaintiff's argument to be persuasive. Defendants' contention ignores the express language of release appearing in the second agreement. The language therein is unambiguous and the parties' intent was clearly to enter into a new agreement superseding the old one and releasing one another from all claims based upon the prior events. Defendants' assertion that their allegations of misrepresentation deal with the second agreement finds no support in the record.

We have examined defendants' remaining contentions concerning the relief granted by Special Term and find them lacking in merit. We note that plaintiff seeks to have this court grant him further relief, which Special Term declined to grant. However, plaintiff has not appealed and is thus not entitled to affirmative relief (see, Hecht v City of New York, 60 NY2d 57; Hutter v Hutter, 112 AD2d 543). In any event,

plaintiff's request is without merit. The order should be affirmed.

Ordered affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.