■ VINCENT J. CAPUTO et al., Plaintiffs, v KIMCO DEVELOPMENT CORP. et al., Defendants. B.R. FRIES & ASSOCIATES, INC., Sued Herein as B.R. FRIES ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v ISLAND ACOUSTICS, INC., Third-Party Defendant-Respondent. [641 NYS2d 211] —Order unanimously modified on the law and as modified affirmed with costs to third-party plaintiff and judgment granted in accordance with the following Memorandum: Supreme Court erred in denying the cross motion of defendant and third-party plaintiff, B.R. Fries & Associates, Inc., sued herein as B.R. Fries Associates, Inc. (Fries), for partial summary judgment insofar as it sought a declaration that third-party defendant, Island Acoustics, Inc., had a duty to pay the costs and expenses of Fries' defense in the main action based upon the breach by Island Acoustics of its agreement to procure insurance covering Fries. The agreement between the parties provided that Island Acoustics would procure comprehensive general liability insurance covering the construction project and naming Fries as an additional insured. It is undisputed that Island Acoustics failed to comply with that provision. The insurance procurement provision of the agreement is independent of the indemnification provision. Thus, a final determination of Island Acoustics' liability "need not await a factual determination as to whose negligence, if anyone's, caused [plaintiff Vincent Caputo's] injuries" (Mathew v Crow Constr. Co., 220 AD2d 490, 491). Because Island Acoustics breached its agreement to procure insurance covering Fries, it is liable for the resulting damages, which include the costs and expenses of defending plaintiffs' action (see, Kin-

*ney v Lisk Co.,* 76 NY2d 215, 219; *DiMuro v Town of Babylon,* 210 AD2d 373, 374). Thus, we modify the order by granting judgment in favor of Fries accordingly. (Appeal from Order of Supreme Court, Suffolk County, Gowan, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.