■ EDWARD F. MOLL et al., Plaintiffs, v WEGMANS FOOD MARKETS, INC., Defendant and Third-Party Plaintiff-Appellant. OLYMPIC DISPOSAL CORP. et al., Third-Party Defendants-Respondents. [755 NYS2d 131] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Barry, J.), entered January 18, 2002, which, inter alia, granted the motion of third-party defendant Olympic Disposal Corp. for summary judgment dismissing the third-party complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of third-party defendant Olympic Disposal Corp. and reinstating the third-party complaint against it and by granting the cross motion of defendant-third-party plaintiff to the extent that it sought judgment determining that third-party defendant Olympic Disposal Corp. is liable for the resulting damages, including defendant-third-party plaintiff's li-

ability to plaintiffs and defendant-third-party plaintiff's costs and expenses incurred in defending plaintiffs' action, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Supreme Court erred in granting the motion of third-party defendant Olympic Disposal Corp. (Olympic) for summary judgment dismissing the third-party complaint for breach of contract and contractual indemnification against it. The court further erred in denying the cross motion of defendant-third-party plaintiff, Wegmans Food Markets, Inc. (Wegmans), for summary judgment on the third-party complaint to the extent that it sought judgment determining that Olympic is liable for damages owed by Wegmans to plaintiffs, including the damages resulting from Wegmans' liability to plaintiffs and Wegmans' costs and expenses incurred in defending plaintiffs' action. We note at the outset that Wegmans has abandoned any challenge to that part of the order dismissing the third-party complaint against third-party defendant Commerce & Industry Insurance Company by failing to address that part of the order in its brief (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

"It is well settled that '[a] contract to procure or provide insurance coverage is clearly distinct from and treated differently than an agreement to indemnify' " (*Mathew v Crow Constr. Co.*, 220 AD2d 490, 491, quoting *Roblee v Corning Community Coll.*, 134 AD2d 803, 804, *lv denied* 72 NY2d 803; *see also Kinney v Lisk Co.*, 76 NY2d 215, 218-219; *ADF Constr. Corp. v Premier Drywall*, 295 AD2d 965). The solid waste disposal agreement between Wegmans and Olympic at issue in the third-party action required that Olympic procure insurance naming Wegmans as an additional insured, and it is undisputed that Olympic failed to do so. Because Olympic thereby breached the agreement, it is liable for the resulting damages, including Wegmans' liability to plaintiffs and Wegmans' costs and expenses incurred in defending plaintiffs' action (*see Kinney,* 76 NY2d at 219; *Caputo v Kimco Dev. Corp.*, 226 AD2d 1142, 1142-1143).

Olympic contends that Wegmans is not entitled to damages because Wegmans offered no evidence that the solid waste disposal agreement covered the underlying accident. Olympic contends that evidence that Edward F. Moll (plaintiff) slipped on a "slimy smelly fluid" in proximity to the dumpster is insufficient to establish its liability under the agreement. However, "[t]he focus of a policy clause * * * is not on the precise cause of the accident but [rather the focus is on] the general nature

of the operation in the course of which the injury was sustained" (*Impulse Enters./F & V Mech. Plumbing & Heating v St. Paul Fire & Mar. Ins. Co.*, 282 AD2d 266, 267). Here, Olympic agreed to "maintain and make available to Wegmans, at all reasonable times, reasonably sufficient equipment and personnel to enable it to remove such solid waste." The evidence that plaintiff slipped on a substance that allegedly came from the dumpster is sufficient to establish that the injury was covered by the agreement. In view of our determination, we do not address the further contention of Wegmans that Olympic is collaterally estopped from challenging the jury's apportionment of Olympic's liability for plaintiff's injuries.

Thus, we modify the order by denying the motion of Olympic and reinstating the third-party complaint against it and by granting the cross motion of Wegmans to the extent that it sought judgment determining that Olympic is liable for the resulting damages, including Wegmans' liability to plaintiffs and Wegmans' costs and expenses incurred in defending plaintiffs' action, and we remit the matter to Supreme Court, Monroe County, to determine the amount of those damages. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.