■ PATRICK ANTINELLO, Plaintiff, v YOUNG MEN'S CHRISTIAN ASSOCIATION, Also Known as YMCA, Defendant, and BAST HATFIELD, INC., Defendant and Third-Party Plaintiff-Respondent. PRIORITY ELECTRICAL DESIGN & CONSTRUCTION, LLC, Third-Party Defendant-Appellant. [841 NYS2d 150]—

Carpinello, J. Appeal from that part of an order of the Supreme Court (Nolan, Jr., J.), entered October 23, 2006 in Warren County, which partially granted third-party plaintiff's motion for summary judgment on the third-party complaint.

Plaintiff allegedly fell off a ladder in the course of his employment with third-party defendant, Priority Electrical Design & Construction, LLC, which was a subcontractor on a commercial renovation project pursuant to an agreement with defendant Bast Hatfield, Inc., the general contractor. He thereafter commenced this action against the property owner and Bast, which prompted this third-party action against Priority. The subcontract at issue required Priority to indemnify Bast for losses and claims arising out of its electrical work and to procure insurance naming Bast as an additional insured. It is undisputed that Priority failed to comply with its obligation to procure such insurance.

In prosecuting the third-party action, Bast moved to strike Priority's answer for alleged noncompliance with discovery and, alternatively, for summary judgment on those claims premised on contractual indemnity and Priority's failure to provide insurance coverage. Finding insufficient proof that Priority engaged in willful or contumacious conduct, Supreme Court denied Bast's motion to strike the answer. The court also denied summary judgment directing contractual indemnification on the ground that Bast failed to tender proof at this juncture establishing its right to such relief. The court did, however, grant summary judgment on those causes of action alleging Priority's breach of its contractual obligation to provide insurance. Priority now appeals.

Priority argues that its liability to Bast for violating its contractual requirement to obtain insurance is limited to out-of-pocket expenses. We agree. Supreme Court's statement that the breach of insurance procurement agreement renders "the promisor liable for all resulting damages *including the promisee's li-*

*ability* to plaintiff and the costs incurred in defense" (emphasis added) is contrary to precedent applicable to the particular facts of this case. Where, as here, a promisee has general liability coverage (*compare Kinney v Lisk Co.*, 76 NY2d 215, 217 [1990]), any damages arising out of an agreement to procure insurance are limited to out-of-pocket expenses (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *Kwoksze Wong v New York Times Co.*, 297 AD2d 544, 547-548 [2002]; *Amato v Rock-McGraw, Inc.*, 297 AD2d 217, 219 [2002]; *Sheppard v Blitman/Atlas Bldg. Corp.*, 288 AD2d 33, 35 [2001]; *Carnegie Hall Corp. v City Univ. of N.Y.*, 286 AD2d 214, 216-217 [2001]; *see generally Taylor v Gannett Co.*, 303 AD2d 397, 399 [2003]; *Lerer v City of New York*, 301 AD2d 577, 578 [2003]; *Taylor v Doral Inn*, 293 AD2d 524, 525 [2002]; *Trokie v York Preparatory School*, 284 AD2d 129, 130 [2001]; *but see Moll v Wegmans Food Mkts.*, 300 AD2d 1041, 1042 [2002]).

Notably, Bast does not address the application of *Inchaustegui v 666 5th Ave. Ltd. Partnership (supra)* and its progeny to the precise facts of this case or dispute Priority's argument that any damages as a result of its failure to obtain insurance are limited. Rather, Bast avoids the issue by arguing that Priority's answer should have been stricken and that it should have been granted summary judgment on the issue of contractual indemnification. Having failed to file a cross appeal, Bast has waived the right to appellate review of these issues (*see Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]; *Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 689 [2002]; *Citicorp Mtge. v Rodelli*, 249 AD2d 736, 738 [1998]; *Weimer v City of Johnstown*, 249 AD2d 608, 611 [1998], *lv denied* 92 NY2d 806 [1998]; *Stiber v Cotrone*, 132 AD2d 791, 793 [1987], *lv dismissed* 70 NY2d 796 [1987]; *see also Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145, 1148 [2006]). In any event, both contentions lack merit.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as failed to limit any potential damage award in favor of defendant Bast Hatfield, Inc. under the insurance procurement causes of action in the third-party complaint; and, as so modified, affirmed.