■ BRENDA TOROSIAN, Respondent, v BIGSBEE VILLAGE HOME-OWNERS ASSOCIATION et al., Appellants. [848 NYS2d 452]—

Cardona, P.J. Appeal from an order of the Supreme Court (Giardino, J.), entered April 17, 2007 in Schenectady County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries she allegedly sustained when she slipped and fell on black ice. The accident occurred around 9:45 P.M. on February 28, 2004 in the parking area of a condominium complex owned by defendant Bigsbee Village Homeowners Association and managed by defendant Diamond Realty Enterprises Corporation. Plaintiff alleged, among other things, that Bigsbee and Diamond, along with defendants Timothy Trier, Inc., doing business as Suburban Turf, and Suburban Turf, LLC (hereinafter collectively referred to as Suburban Turf), which perform snowplowing services for the complex pursuant to a grounds maintenance contract, were negligent in maintaining the property and/or creating an unsafe condition. Bigsbee and Diamond answered jointly and asserted a cross claim against Suburban Turf. Suburban Turf answered and asserted a cross claim against Bigsbee and Diamond. Following discovery, all defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motions finding questions of fact as to whether

defendants had constructive notice of or created a dangerous condition.

For liability to be imposed in a slip and fall accident, the defendant must have created a dangerous condition or had actual or constructive knowledge thereof (*see Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]). Actual notice is not at issue herein. With respect to constructive notice, "it must be shown that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action, and a general awareness that snow or ice might accumulate is insufficient" (*Martin v RP Assoc.*, 37 AD3d 1017, 1017-1018 [2007] [internal quotation marks and citations omitted]).

Bigsbee and Diamond, in support of their motion, submitted plaintiff's pretrial testimony to the effect that she did not notice any slippery or icy conditions upon arriving at the complex, but slipped and fell four hours later upon returning to her car. Therefore, they contend that the purported icy conditions, if any, only developed within that four-hour period. They also submitted a meteorological report establishing that the day in question was clear and sunny with no precipitation and that temperatures were above freezing most of the day. Furthermore, pretrial testimony established that a Diamond representative routinely inspected the condominium complex and there were no other complaints of ice or slippery conditions at the complex. These submissions sufficiently established Bigsbee and Diamond's prima facie entitlement to summary judgment, thereby shifting the burden to plaintiff to demonstrate a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In rebuttal, plaintiff submitted an affidavit from a certified meteorologist who, upon reviewing both the climatological data from the period between February 22 and 29, 2004 (which was summarized therein) and the photographs taken the day after plaintiff's fall depicting the ice and banks of snow in the parking area, concluded that, given the melting and freezing process in effect during that time, the ice upon which plaintiff slipped and fell had been present for approximately 24 hours prior to the accident. Plaintiff also submitted her uncle's deposition testimony that ice was present the night of the accident. Viewing the evidence in a light most favorable to plaintiff and affording her every favorable inference (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]), we find that she raised a triable issue of fact "as to whether the allegedly dangerous condition existed for a sufficient period of time prior to the

accident for [Bigsbee and Diamond] to reasonably have discovered and remedied it" (*Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004-1005 [2006]).

Plaintiff's submissions also raised a question of fact as to whether the snowplowing and removal methods employed by Bigsbee and Diamond, who admitted inspecting and approving work performed under the contract with Suburban Turf, created the alleged hazardous condition of the runoff from the snow banks into the parking area (*see Vargas v Central Parking Sys.*, 35 AD3d 255 [2006]). Consequently, Supreme Court correctly denied the motion by Bigsbee and Diamond.

We also find no error in Supreme Court's denial of Suburban Turf's motion for summary judgment. While generally a contractual obligation will not give rise to tort liability in favor of a third party, as is relevant here, where a contracting party "negligently creates or exacerbates a dangerous condition [it] may be liable for any resulting injury" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). Here, based upon the photographs of the area where plaintiff fell and the meteorological affidavit submitted by plaintiff, a question of fact exists as to whether Suburban Turf "launched a force or instrument of harm" by piling the snow in the parking spaces next to the area where plaintiff fell which, thereafter, melted and refroze into the black ice at issue (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 142).

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.