■ PATRICIA WOOD, Respondent, v SCHENECTADY MUNICIPAL HOUSING AUTHORITY, Appellant. [909 NYS2d 587]—

Malone Jr., J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 15, 2010 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries that she sustained when she slipped and fell on ice on a sidewalk in an apartment complex that was owned and maintained by defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the grounds that there was a storm in progress at the time of the accident and that it had no notice of any icy condition. Supreme Court denied the motion and defendant appeals. We affirm.

The parties' conflicting testimony and meteorological evidence demonstrate that questions of fact exist as to whether a storm was in progress at the time of plaintiff's accident, which, if there was, would have suspended defendant's duty to remedy any alleged dangerous conditions for a reasonable period of time after the storm had ceased (see Boynton v Eaves, 66 AD3d 1281, 1282 [2009]; Martin v Wagner, 30 AD3d 733, 734 [2006]). The conflicting evidence also demonstrates that a question of fact

exists as to how long the ice upon which plaintiff slipped was in existence prior to the accident, whether defendant had actual or constructive notice of any alleged dangerous condition, and whether defendant had sufficient time to remedy any such condition. Finally, plaintiff testified that she slipped after she stepped from the parking lot onto a snowbank located along the curb of the sidewalk, and one of defendant's employees testified that the snowbank was the result of defendant's prior snow removal efforts. This evidence raised a question of fact as to whether defendant created a dangerous condition (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007]; *see also Figueroa v West 170th Realty, Inc.*, 56 AD3d 299 [2008]) or "exacerbated the natural hazards created by [a] storm" (*Wheeler v Grande'Vie Senior Living Community*, 31 AD3d 992, 992 [2006]; *see Micheler v Gush*, 256 AD2d 1051, 1052 [1998]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.