Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 20, 2011, which, to the extent appealed from as limited by the briefs, vacated that portion of a prior order, same court and Justice, entered January 27, 2010, dismissing defendant/third-party plaintiff Citibank’s cross claims for contractual indemnification and failure to procure insurance against OneSource Facility Services, Inc. (OneSource), and granted Citibank partial summary judgment on its failure to procure insurance claim against OneSource, unanimously affirmed, without costs.
The motion court properly granted summary judgment to Citibank on its cause of action for failure to procure insurance. Under the Citibank-OneSource agreement, OneSource was required to purchase an insurance policy with a limit of $1 million each occurrence; however, OneSource obtained a policy with an each occurrence limit of $1.5 million, an aggregate limit of $1.5 million, and a $500,000 self-insured retention. Although OneSource correctly maintains that the agreement did not prohibit self-insured retentions, it required OneSource to provide a certificate of insurance notifying Citibank of such a provision and no such notice was given. Thus, the insurance procurement provision was breached because Citibank reasonably expected (see Federated Retail Holdings, Inc. v Weatherly 39th St., LLC, 77 AD3d 573, 574 [1st Dept 2010]) that OneSource would either provide effective coverage or notice of the amount of the self-insured retention.
Because the insurance procurement clause is entirely independent of the indemnification provisions in the contract (Kinney v Lisk Co., 76 NY2d 215, 219 [1990]), a final determination of liability for the failure to procure insurance “need not await a factual determination as to whose negligence, if anyone’s, caused the plaintiffs injuries” (Kennelty v Darlind Constr., 260 AD2d 443, 445 [1999]). Where as here, a promisee such as Citibank is self-insured, the proper measure of damages remains indemnity and defense costs (see Occhino v Citigroup Inc., 2005 WL 2076588, *11, 2005 US Dist LEXIS 28899, *35-36 [ED NY, Aug. 26, 2005, No. CV-03-5259 (CPS)]; cf. Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114 [2001]).
Further, OneSource agreed to maintain the sidewalks, *576 walkways, and parking lots “free of snow and ice at all times to prevent hazard to public and personnel.” As such, evidence that the plaintiff injured herself on an icy condition on the sidewalk abutting Citibank was sufficient to establish that the injury arose out of the Citibank-OneSource agreement (see Occhino, 2005 WL 2076588, *10, 2005 US Dist LEXIS 28899, *34-35; Moll v Wegmans Food Mkts., 300 AD2d 1041, 1042-1043 [4th Dept 2002]). In terms of an insurance-based claim, this is precisely the type of risk or claim for which Citibank was seeking insurance and the fact that OneSource breached its agreement to procure the insurance triggered the “arising out of’ clause. Concur — Andrias, J.E, DeGrasse, Román and Gische, JJ.