Garry, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered December 3, 2013 in Ulster County, which denied defendant’s motion for summary judgment dismissing the complaint.
Defendant is the owner of a professional building and parking lot located in the City of Kingston, Ulster County. On Monday, March 12, 2007 at 7:30 a.m., plaintiff allegedly sustained personal injuries as a result of slipping and falling on black ice in defendant’s parking lot as she was attempting to reach her workplace. Plaintiff commenced this action seeking damages for defendant’s alleged negligence in maintaining the lot. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant appeals.
“[T]o prevail on its motion for summary judgment, defendant was required to establish that it maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition” (Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013] [internal *1034 quotation marks and citations omitted]; see Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1315 [2007]). Here, actual notice is not at issue; to demonstrate a lack of constructive notice, defendant was required to show “that the condition was [not] visible and apparent and [had not] existed for a sufficient period of time prior to the accident to permit defendant ] to discover it and take corrective action” (Tate v Golub Props., Inc., 103 AD3d at 1081 [internal quotation marks and citation omitted]). The subject parking lot is open 24 hours a day, and tenants are permitted to make use of it at any time. In his deposition testimony, defendant’s superintendent stated that he inspected the parking lot for dangerous conditions on weekdays at 8:00 a.m. and again at 4:00 p.m. He also monitored the weather overnight and during weekends to determine if there was an impending storm, freezing temperatures, or precipitation that would likely create dangerous conditions requiring him to remove snow or ice earlier than his routine inspections. Meteorological data submitted by defendant’s expert revealed that, although minimal precipitation had fallen during the preceding weekend, the temperature had fluctuated from between 28 to 51 degrees Fahrenheit during the 24-hour period immediately prior to plaintiff’s fall, and that the icy conditions had been present for at least 6V2 to 8V2 hours. Considering this evidence in the light most favorable to plaintiff, we agree with Supreme Court that defendant failed to meet its initial burden of establishing that it is entitled to summary judgment (see Tate v Golub Props., Inc., 103 AD3d at 1081-1082; Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1198 [2009]; see also Uhlinger v Gloversville Enlarged School Dist., 19 AD3d 780, 781 [2005]).
We further find that there are factual issues posed as to whether defendant’s snow removal procedures created the dangerous condition. Defendant had hired an outside contractor to plow the snow into piles. Plaintiff alleges that some of the piles were located on the parking lot’s perimeter, as well as between her parking spot and the sidewalk adjacent to the building. There is a slight grade extending from these areas, encompassing the area of her fall. Thus, there are factual issues as to whether the snow removal techniques caused the dangerous icy condition when the snow piles melted in the warm weekend weather and then refroze in the night before plaintiff’s accident (see Wood v Schenectady Mun. Hous. Auth., 77 AD3d 1273, 1274 [2010]; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1316; see also San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 117-119 [2010]; Urban v City of Albany, 90 AD3d 1132, 1134 [2011], lv dismissed 18 NY3d 921 [2012]). *1035 Rose, J.E, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.