Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 9, 2013, which granted the motion of defendant Castle Oil Corp. (Castle) for summary judgment on its cross claims for contractual indemnification and breach of contract against defendant Crystal Transportation Corp. (Crystal), unanimously modified, on the law, to deny the motion as to the contractual indemnification cross claim, and otherwise affirmed, without costs.
This action arises out of an oil spill that occurred while Crystal was making a delivery of oil to a building owned by plaintiff pursuant to a delivery agreement under which Crystal delivered oil to Castle’s customers. The delivery agreement contained an indemnification provision which provided in pertinent part:
“[Crystal] is responsible . . . for any damage or loss to the equipment or premises of a Castle customer to the extent caused by [Crystal]’s acts or omissions.
“[Crystal] shall indemnify and hold harmless Castle . . . from any and all claims, losses, costs, liability, damages, penalties, or violations of any nature arising out of or relating to the performance or breach of this agreement or any acts or omissions of [Crystal] in connection therewith.
*537 “[Crystal] shall be solely responsible for all claims, losses, liability, damages, penalties, or violations resulting from [Crystal]’s oil spills or erroneous deliveries.”
The delivery agreement also required Crystal to obtain comprehensive liability coverage for its fuel delivery vehicles, including for oil spills and environmental cleanup and remediation, naming Castle as an additional insured. Crystal procured a policy with the required limits from Zurich American Insurance Company, but did not name Castle an additional insured.
Plaintiff asserted causes of action for negligence and strict liability against Castle, Crystal and the entity that allegedly maintained the fuel storage tank. The fourth cause of action also alleged that Castle was vicariously liable for Crystal’s negligence. Each defendant cross-claimed against the others, and Castle tendered its defense of the action to Zurich under the policy procured by Crystal. Zurich accepted tender only with regard to the fourth cause of action alleging that Castle was vicariously liable for Crystal’s negligence, but refused to provide coverage to Castle, for its own negligence or strict liability. Castle moved for summary judgment on its cross claim against Crystal for contractual indemnification and breach of contract for failure to procure insurance, and Supreme Court granted the motion.
Citing the second and third paragraphs of the indemnification provision, Castle asserts that it is not required to prove that the alleged oil spill resulted from Crystal’s negligence, but only that it resulted from Crystal’s performance of the delivery agreement or any act in connection with the agreement. However, such an interpretation renders meaningless the first paragraph of the indemnification provision (see RM 14 FK Corp. v Bank One Trust Co., N.A., 37 AD3d 272, 274 [1st Dept 2007]).
“ ‘[W]here two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give them both effect’ ” (Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 987 [1st Dept 2009]). Thus, the first paragraph of the indemnification provision must be read as limiting the subsequent paragraphs upon which Castle relies. As properly construed, the delivery agreement requires Crystal to indemnify Castle for damage to customers’ property only where such damage resulted from Crystal’s acts or omissions. Because no determination of the negligence of each party has been made, it was premature to hold that Crystal was obligated to indemnify Castle under the delivery agreement.
Supreme Court correctly concluded that Crystal breached the *538 contract by failing to procure insurance naming Castle as an additional insured. Crystal argues that it was only required to obtain insurance covering Castle to the extent that Castle was vicariously liable for Crystal’s negligence. However, the insurance procurement provision contains no such limitation and the provision limiting indemnification to Crystal’s acts or omissions does not similarly limit the insurance Crystal was required to procure (see Spector v Cushman & Wakefield, Inc., 100 AD3d 575 [1st Dept 2012]). Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ.