Mulvey, J.
 

 Appeal from an order of the Supreme Court (Gilpatric, J.), entered October 13, 2016 in Ulster County, which, among other things, denied third-party defendant’s cross motion for summary judgment dismissing the complaint and third-party complaint.
 

 On February 6, 2014 at approximately 5:00 p.m., plaintiff reportedly fell on a sidewalk near the entrance of a commercial building in the City of Poughkeepsie, Dutchess County owned by defendant. According to plaintiff, she slipped on an unlit section of the sidewalk that she later described as having “bumpy and wavy” ice that was approximately two inches thick and three to four feet in length, resulting in significant spinal injuries. She commenced this action against defendant, alleging that it had failed to inspect and maintain the sidewalk, to remove and prevent the accumulation of ice and to warn of its existence. Defendant answered, denying the material allegations, and commenced a third-party action against third-party defendant, Jacran Designs, Inc., a property maintenance company that had contracted with defendant for snow removal services for this property. In that service contract, Jacran agreed, among other things, to hold harmless and indemnify defendant from any damage claims due to injuries, and to procure a $1 million liability policy covering its services and naming defendant as an additional insured. Jacran and defendant also signed a separate contract in which Jacran agreed to obtain and maintain such a general liability policy and to indemnify defendant and hold it harmless for any injuries or damage. Defendant alleged in its third-party complaint that Jacran had breached the contractual provisions by failing both to properly maintain the property and to procure liability insurance covering defendant, and that Jacran was obligated to indemnify it.
 

 After discovery was completed, defendant moved for summary judgment dismissing the complaint and, alternatively, moved for summary judgment on its third-party claim against Jacran for the failure to obtain insurance coverage. Jacran cross-moved for summary judgment dismissing both the complaint and third-party compláint. Supreme Court denied defendant’s motion for summary judgment dismissing the complaint, granted defendant’s motion for summary judgment on its cause of action in its third-party complaint for breach of contract for failure to obtain insurance coverage against Jacran, and denied Jacran’s cross motion. Jacran now appeals.
 

 We affirm. Addressing first Jacran’s cross motion seeking summary judgment dismissing plaintiff’s complaint, we note that “the proponent of [the] summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016] [internal quotation marks and citations omitted]). As relevant here, “[f]or liability to be imposed in a slip and fall accident, the defendant [or third-party defendant] must have created a dangerous condition or had actual or constructive knowledge thereof” (Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1315 [2007]). Constructive knowledge requires a showing “that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants [or third-party defendants] to discover it and take corrective action, and a general awareness that snow or ice might accumulate is insufficient” (id. at 1315 [internal quotation marks and citation omitted]; see Riozzi v 30 Kingston Realty Corp., 112 AD3d 1033, 1033 [2013]).
 

 Jacran argues that there was no proof in the record demonstrating that it had actual or constructive notice of any icy condition on the sidewalk, relying on the deposition and affidavit of its owner, Jason Cranston. Based upon his business records, Cranston averred that, the day before the alleged fall, February 5, 2014, his crew twice removed snow from the premises and applied sand following a storm that produced 12 inches of snow. He further asserted that his crew returned the following morning, February 6, to apply salt and clear the area where plaintiff claimed she later fell, which, after the maintenance, was merely “wet.” Jacran further relies upon the deposition testimony of Robert Baxter, defendant’s owner, that Jacran had always performed its work in a competent manner, that there were no prior complaints about its work, and that he inspected the property including the sidewalk on a daily basis. Baxter did not notice any problems on his walk-through of the property the day of the incident and observed “the usual snow removal.” Finally, Jacran points to plaintiff’s deposition in which she conceded that she did not observe the icy condition prior to the fall and was not aware of how long it had been present.
 

 However, the record also includes plaintiff’s testimony that there was no lighting in the sidewalk area and no witness was able to contradict her account that there was ice in the area at the time that she fell. Further, there was no proof that anyone had performed a routine inspection of the area after 7:00 a.m. on the day of her alleged fall, i.e., at any time within 10 hours of the fall, but also no proof that there had been further accumulation of snow after the snowfall the day before. Thus, even if we were to find that Jacran met its initial burden of demonstrating entitlement to dismissal of plaintiff’s complaint as a matter of law (compare Riozzi v 30 Kingston Realty Corp., 112 AD3d at 1033), viewing the evidence in a light most favorable to plaintiff (see Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1315), it is clear that plaintiff raised a triable issue of fact with regard to whether defendant had constructive notice of any dangerous conditions (see Tate v Golub Props., Inc., 103 AD3d 1080, 1081-1082 [2013]). The key question to be resolved by the trier of fact is whether, during this 10-hour lapse of time between Jacran’s last visit and plaintiff’s reported fall, there was further precipitation that created a dangerous or unsafe condition on the sidewalk and, if so, whether there was sufficient time for defendant and/or Jacran “to reasonably have discovered and remedied it” (Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1315-1316 [internal quotation marks and citation omitted]). Plaintiff’s description of the thickness and extent of ice on the sidewalk, if accepted, is relevant to the factual question of how long it was present and whether it was visible and apparent such that it would have been discovered upon routine inspection, with sufficient time to remedy it (see Connolly v United Health Servs., Inc., 77 AD3d 1274, 1275-1276 [2010]; compare Ravida v Stuyvesant Plaza, Inc., 101 AD3d 1421, 1421-1422 [2012]). Accordingly, Supreme Court correctly denied Jacran’s cross motion for summary judgment dismissing plaintiff’s complaint.
 

 We further find, contrary to Jacran’s contentions, that Supreme Court properly granted summary judgment to defendant on its third cause of action against Jacran for breach of contract arising from its failure to procure liability insurance coverage. Jacran does not dispute its contractual obligation to obtain such coverage and its breach of that requirement, but contends that the determination of this claim was premature in that there has not yet been a finding that defendant is liable to plaintiff. Jacran’s argument appears to conflate the obligation to defend and indemnify with the separate obligation to procure insurance coverage. However, “[a]n agreement to procure insurance is not an agreement to indemnify or hold harmless, and the distinction between the two is well recognized” (Kinney v Lisk Co., 76 NY2d 215, 218 [1990]; see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114-115 [2001]; Antinello v Young Men’s Christian Assn., 42 AD3d 851, 851-852 [2007]). Given that defendant established Jacran’s failure to procure the required coverage, contrary to the terms of their contracts, in that Jacran’s policy excludes, among other claims, coverage for any insured parties “for the removal of snow and/or ice,” defendant was entitled to summary judgment on this claim against Jacran (see Kinney v Lisk Co., 76 NY2d at 219; Spector v Cushman & Wakefield, Inc., 100 AD3d 575, 575-576 [2012]; Moll v Wegmans Food Mkts., 300 AD2d 1041, 1042 [2002]).
 

 Garry, J.P., Egan Jr., Rose and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with one bill of costs.