Torgersen v A&f Black Cr. Realty, LLC (2018 NY Slip Op 01237)





Torgersen v A&f Black Cr. Realty, LLC


2018 NY Slip Op 01237


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

525215

[*1]CHRISTOPHER TORGERSEN et al., Appellants,
v
A & F BLACK CREEK REALTY, LLC, Defendant and Third-Party Plaintiff- Respondent; DALE A. LARKIN, Doing Business as AL LARKIN & SON, Third-Party Defendant- Respondent. (And Another Third-Party Action.)

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellants.
Havkins Rosenfeld Ritzert & Varriale, LLP, White Plains (Jonathan W. Greisman of counsel), for defendant and third-party plaintiff-respondent.
Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Elijah J. Summersell of counsel), for third-party defendant-respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Cahill, J.), entered January 12, 2017 in Ulster County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.
On the evening of January 16, 2013, plaintiff Christopher Torgersen was returning home to an apartment complex owned by defendant and purportedly slipped and fell in the parking lot next to his vehicle. Torgersen and, his wife, derivatively, commenced this premises liability action against defendant in 2014. Defendant answered and commenced two third-party actions, [*2]including one against its snow removal contractor, third-party defendant Dale A. Larkin, seeking contribution and/or indemnification and damages for breach of contract. Following joinder of issue and discovery, Larkin moved for summary judgment dismissing the third-party complaint. Defendant cross-moved for summary judgment dismissing the complaint and contended that, if that relief was unwarranted, so was the relief sought by Larkin. Supreme Court granted defendant's cross motion and denied Larkin's motion as moot. Plaintiffs now appeal.
To establish entitlement to summary judgment in a slip and fall case, a defendant bears "the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in [the] plaintiff's injury" (Beck v Stewart's Shops Corp., 156 AD3d 1040, 1041 [2017]; see Calvitti v 40 Garden, LLC, 155 AD3d 1399, 1400 [2017]). Constructive notice, in contrast to actual notice, requires that the defect be "visible and apparent and [has] existed for a sufficient period of time prior to the accident to permit [a] defendant[] to discover it and take corrective action" (Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013] [internal quotation marks and citation omitted]; accord Beck v Stewart's Shops Corp., 156 AD3d at 1041; see Calvitti v 40 Garden, LLC, 155 AD3d at 1400).
Defendant and Larkin came forward with deposition testimony and affidavits indicating that no complaints of slippery conditions had been received in the leadup to Torgersen's accident. They also detailed how tenants were obliged to move their cars before Larkin arrived to plow, and Larkin's business records reflected that he had plowed, salted and sanded the parking lot on the morning of Torgersen's accident. Larkin would plow around any remaining cars, after which defendant's employees would, at a minimum, remove the snow and treat the area around the cars. Defendant's superintendent and handyman indicated that this process would have been followed on the day in question and that he would have periodically inspected the parking lot and addressed any areas of snow or ice. Also proffered was Torgersen's deposition testimony, in which he confirmed that the snow had stopped and that the sidewalks and parking lot were being cleared when he left for work that afternoon. Torgersen testified that he found the parking lot with patches of snow when he returned home and that he parked in a spot that was covered in part by a few inches of snow that appeared to have been deposited by someone "clear[ing] off [a] car." This proof was sufficient to establish defendant's and third-party defendant's "prima facie entitlement to summary judgment, thereby shifting the burden to plaintiff[s] to demonstrate a triable issue of fact" (Torosian v Bigsbee Vil. Homeowner's Assn., 46 AD3d 1314, 1315 [2007]; see Brown v Haylor, Freyer & Coon, Inc., 60 AD3d 1188, 1189 [2009]).
In opposition, Torgersen claimed in an affidavit that his legs kicked out from under him on ice that was covered by snow and obscured by poor lighting. This account did not directly conflict with his prior deposition testimony — in which he gave a similar account of his fall, said the lighting was not "very good" and was cut off while trying to answer the only question posed regarding the presence of ice — and the discrepancies between them "raised a credibility issue" but did not warrant rejecting the affidavit out of hand (Sullivan v Schindler El. Corp., 94 AD3d 1207, 1209 [2012]; accord Prusky v McCarty, 126 AD3d 1171, 1172 n [2015]; cf. Boynton v Eaves, 66 AD3d 1281, 1282 [2009]). Plaintiffs further provided the affidavit of another tenant who stated that she observed Torgersen fall as he described. The tenant saw a large patch of ice when she came to assist him and asserted, among other things, that no one salted the parking lot when it was plowed that day and that the poor plowing and salting at the complex had been the subject of complaints. The latter allegation ran counter to proof provided by defendant and Larkin, but there is no stated reason why the other tenant would misrepresent what had occurred and, in any event, "a court may not assess credibility on a summary judgment motion 'unless it clearly appears that the issues are not genuine, but feigned'" (Dillenbeck v Shovelton, 114 AD3d [*3]1125, 1127 [2014], quoting Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]). It is by no means clear here.
Considering the foregoing "in the light most favorable to plaintiffs as the opponents of summary judgment" (Lewis v Board of Educ. of Lansingburgh Cent. Sch. Dist., 137 AD3d 1521, 1523 [2016]), material issues of fact exist regarding the role ice and poor lighting played in Torgersen's fall and whether the ice was due to inadequate salting by Larkin or defendant's employees and should "reasonably have [been] discovered and remedied" by defendant (Dickerson v Troy Hous. Auth., 34 AD3d 1003, 1004-1005 [2006]; see Calvitti v 40 Garden, LLC, 155 AD3d at 1401; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1315-1316). Inasmuch as these issues call into question whether defendant satisfied its duty to maintain the parking lot in a reasonably safe condition and/or had constructive notice of the condition that caused Torgersen's fall, defendant's cross motion should have been denied (see San Marco v Village/Town of Mt. Kisco, 16 NY3d 111, 118 [2010]; Tate v Golub Props., Inc., 103 AD3d at 1081-1082; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1315-1316; Malley v Alice Hyde Hosp. Assn., 297 AD2d 425, 425-426 [2002]).
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.