Hurley v City of Glens Falls (2018 NY Slip Op 02529)





Hurley v City of Glens Falls


2018 NY Slip Op 02529


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525452

[*1]LISA HURLEY et al., Respondents,
v
CITY OF GLENS FALLS et al., Appellants.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ., concur.


Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellants.
Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Auffredou, J.), entered June 12, 2017 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.
Plaintiff Lisa Hurley and her spouse, derivatively, commenced this negligence action due to alleged personal injuries sustained by Hurley after she slipped and fell on a snow-covered sidewalk by the parking lot of the Glens Falls Civic Center. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants now appeal. We affirm.
A defendant seeking summary judgment in a slip and fall action must demonstrate that it maintained its property in a
reasonably safe condition and that it did not create the alleged dangerous condition giving rise to the plaintiff's injuries or have actual or constructive notice of such condition (see Riozzi v 30 Kingston Realty Corp., 112 AD3d 1033, 1033 [2013]; Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1231 [2011], lv denied 17 NY3d 710 [2011]). In support of their motion, defendants submitted, among other things, the deposition testimony of Hurley and the operations manager for defendant Global Spectrum, L.P. Hurley testified that while walking on the sidewalk from the parking lot, her foot slipped out from under her and, as she attempted to stand up, she slipped again and hit the ground. She observed that the area was covered with snow and that "there had to be a thin layer of ice underneath the snow." The operations manager acknowledged that there was snow on the property on the date of the accident but stated that he was unable to recall [*2]whether he performed any snow removal. He further testified that he did not undertake any kind of inspection process to ensure that the sidewalks were clear of snow and ice nor were there any guidelines for him to do so. The operations manager also did not have any logs of the days detailing when snow was plowed.
Even if we agreed with defendants that they did not create the alleged dangerous condition, we conclude that defendants did not meet their initial moving burden inasmuch as their own proof failed to eliminate all triable issues of fact on the issue of constructive notice (see Riozzi v 30 Kingston Realty Corp., 112 AD3d at 1034; Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1198 [2009]; Amidon v Yankee Trails, Inc., 17 AD3d 835, 837 [2005]). In this regard, defendants' proof, including the photographs, did not suffice to show when they last cleaned or inspected the area in question (see Polgar v Syracuse Univ., 255 AD2d 780, 780-781 [1998]; compare Beck v Stewart's Shops Corp., 156 AD3d 1040, 1041 [2017]). Additionally, even though the area where plaintiff slipped and fell was a restricted area, the record evidence shows that defendants were aware that people would cross through this area and there were no signs instructing people not to do so. Accordingly, viewing the evidence in the light most favorable to plaintiffs, Supreme Court's denial of defendants' motion was proper (see Tate v Golub Props., Inc., 103 AD3d 1080, 1081-1082 [2013]; Uhlinger v Gloversville Enlarged School Dist., 19 AD3d 780, 781 [2005]).[FN1]
Garry, P.J., Devine and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Even if defendants had succeeded in shifting the burden, plaintiffs' proof submitted in opposition was sufficient to raise a triable issue of fact (see Calvitti v 40 Garden, LLC, 155 AD3d 1399, 1401 [2017]; Alexander v St. Mary's Inst., 78 AD3d 1475, 1477 [2010]; Managault v Rensselaer Polytechnic Inst., 62 AD3d at 1198).