388 Realty Owner LLC v Amtrust Intl. Underwriters Ltd. (2021 NY Slip Op 01350)





388 Realty Owner LLC v Amtrust Intl. Underwriters Ltd.


2021 NY Slip Op 01350


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. Index No. 651944/17 Appeal No. 13309 Case No. 2020-03057 

[*1]388 Realty Owner LLC, et al., Plaintiffs-Respondents,
v
Amtrust International Underwriters Limited, Defendant-Appellant.


Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellant.
White & McSpedon, P.C., New York (Joseph W. Sands of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 11, 2020, which, upon reargument, adhered to the prior denial of defendant's motion for summary judgment and grant of plaintiffs' cross motion for summary judgment to the extent of declaring that defendant has a duty to defend plaintiffs in the underlying action, unanimously affirmed, with costs.
Defendant failed to demonstrate that it is possible to reconcile the conflicting provisions of the governing documents, i.e., the rider to the "Task Order," which defendant argues shows that its named insureds were not required to name plaintiffs as additional insureds, and the provisions of other documents that require that plaintiffs be named as additional insureds (see NFL Enters. LLC v Comcast Cable Communications, LLC, 51 AD3d 52, 61 [1st Dept 2008]; Lenart Realty Corp. v Petroleum Tank Cleaners, Ltd., 116 AD3d 536, 537 [1st Dept 2014]).
Defendant failed to address plaintiffs' argument that they are entitled to a defense based on an insurer's duty to defend where the allegations in the underlying complaint suggest a reasonable possibility of coverage, and improperly advanced a new argument in its motion for reargument (see Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979]; see also Matter of Setters v Al Props. & Devs. [USA] Corp., 139 AD3d 492, 492 [1st Dept 2016]). Nor is CPLR 5019(a) a proper vehicle for seeking changes to a prior order that would affect a substantial right of a party (Johnson v Societe Generale S.A., 94 AD3d 663, 664 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021