Robles v 635 Owner, LLC (2021 NY Slip Op 01867)





Robles v 635 Owner, LLC


2021 NY Slip Op 01867


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 162049/15 Appeal No. 13436 Case No. 2020-02269 

[*1]Angel Robles, Plaintiff-Respondent,
v
635 Owner, LLC, Defendant-Appellant-Respondent, W5 Group LLC, Defendant-Respondent-Appellant.


Pillinger Miller Tarallo, LLP, Elmsford (Patrice M. Coleman of counsel), for appellant-respondent.
Wood Smith Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Lucy Billings, J.), entered February 19, 2020, which, insofar as appealed from as limited by the briefs, conditionally granted defendant 635 Owner LLC's motion for partial summary judgment on its cross claim for contractual indemnification and denied defendant W5 Group's cross motion for summary judgment dismissing 635 Owner's cross claims for contribution and common-law indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant 635 Owner's motion unconditionally, and otherwise affirmed, without costs.
Defendant 635 Owner is unconditionally entitled to contractual indemnification by defendant W5 Group in connection with plaintiff's injuries, as plaintiff discontinued the Labor Law § 200 and common-law negligence claims against it and W5 Group failed to raise an issue of fact as to its negligence (see Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143, 1145 [1st Dept 2020], lv dismissed 36 NY3d 959 [2021], lv dismissed 36 NY3d 960 [2021]; Cuomo v 53rd & 2nd Assoc., LLC, 111 AD3d 548 [1st Dept 2013]). Nothing in the record indicates that 635 Owner had actual or constructive notice of the dangerous ladder condition that caused plaintiff's fall. We note that W5 Group signed the so-ordered stipulation discontinuing plaintiff's Labor Law § 200 and common-law negligence claims against both it and 635 Owner. Nor, contrary to the motion court's finding, does the record present an issue of fact as to whether the ladder served as the "functional equivalent of a staircase . . . placed so as to pose a hazard of which 635 Owner received actual or constructive notice." Even if the stipulation of discontinuance of the Labor Law § 200 and common-law negligence claim did not dispose of this theory of liability, the theory fails because it is inconsistent with the evidence and the court's findings that 635 Owner neither controlled the ladder nor had notice of any defective condition.
Since, as indicated, there is no evidence that 635 Owner had actual or constructive notice of the alleged dangerous condition, its liability for plaintiff's injuries is purely vicarious, and the court correctly declined to dismiss its cross claims for contribution and common-law indemnification (McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]).
The court also correctly declined to dismiss 635 Owner's cross claim for breach of contract for failure to procure insurance. While W5 Group claims that it procured insurance for 635 Owner's benefit and that 635 Owner's defense was being paid for under the policy, it does not dispute that it procured only $1,000,000 in coverage, as opposed to the $5,000,000 required under its contract with 635 Owner. The breach of contract claim is not duplicative of the claim for contractual indemnification (see Kinney v Lisk Co., 76 NY2d 215, 218 [1990]; Spector v Cushman & Wakefield, Inc., 100 AD3d 575 [1st Dept 2012]).THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021