Dixon v Afternoon Delight Fifth Ave. Assoc., LLC (2024 NY Slip Op 06121)

Dixon v Afternoon Delight Fifth Ave. Assoc., LLC

2024 NY Slip Op 06121

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 150975/17 Appeal No. 3161-3162 Case No. 2023-05249 2023-05289 

[*1]William Dixon, Plaintiff-Respondent,
v
Afternoon Delight Fifth Avenue Associates, LLC, Defendant-Appellant-Respondent, Mary Castillo et al., Defendants-Respondents-Appellants, The City of New York, Defendant-Respondent.
Mary Castillo Also Known as Mary Castillo Pimental et al., Third-Party Plaintiffs-Respondents,
v
The City of New York, Third-Party Defendant-Appellant.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for Afternoon Delight Fifth Avenue Associates, LLC, appellant-respondent/respondent.
Callahan & Fusco LLC, New York (John M. Anello of counsel), for Mary Castillo and Fifth Avenue Deli-Mart, Inc., respondents-appellants/respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Ajuma Uchennae Abata of counsel), for The City of New York, respondent/appellant.
Spiegel & Barbato, LLP, Bronx (Brian C. Mardon of counsel), for William Dixon, respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about October 11, 2023, which denied the motion of defendant Afternoon Delight Fifth Avenue Associates, LLC, (Afternoon Delight) for summary judgment on its cross-claims against defendant Fifth Avenue Deli-Mart, Inc. (Deli-Mart) and conditionally granted Afternoon Delight's motion for summary judgment on its cross-claims against defendant Mary Castillo, unanimously modified, to deny Afternoon Delight's motion for summary judgment on its contractual and common-law indemnification cross-claims against Castillo, and otherwise affirmed, without costs. Order, same court and Justice, entered October 23, 2023, which, inter alia, granted Deli-Mart's motion for summary judgment dismissing all claims and cross-claims against it and denied Castillo's motion for summary judgment dismissing the cross-claims against her, unanimously affirmed, without costs.
The court properly dismissed all claims and cross-claims against Deli-Mart because there was no evidence that it had a duty to maintain and repair the sidewalk in front of the premises it occupied. Deli-Mart was not a signatory on the lease with Afternoon Delight, the landowner. A contract assuming an obligation to indemnify, such as a lease, is strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (see Rodrigues v N & S Bldg. Contrs., Inc, 5 NY3d 427, 433 [2005]). Although this issue was first raised by the court, the parties had an opportunity to address it at oral argument and request additional discovery but failed to do so.
The court properly granted Afternoon Delight summary judgment on its breach of contract claim against Castillo, as she failed to show that she procured the insurance mandated by the lease (see Spector v Cushman & Wakefield, Inc., 100 AD3d 575 [1st Dept 2012]).
Castillo's motion seeking dismissal of Afternoon Delight's cross-claims against her based on the ambiguity in the lease concerning maintenance of the sidewalk was properly denied. The determination of responsibility for maintenance of the sidewalk under the competing lease provisions, and the intent of the parties, depends on the credibility of extrinsic evidence and the reasonable inferences to be drawn from that evidence, which must be resolved by a jury (see Hartford Acc. & Indemn. Co. v Wesolowski, 33 NY2d 169, 172 [1973]).
However, the court's grant of summary judgment on Afternoon Delight's contractual and common-law indemnification cross-claims against Castillo should have been denied. As to contractual indemnification, there is an ambiguity in the lease as to whether the landlord is entitled to indemnification from Castillo. To obtain common-law indemnification, the party must show that it has been held vicariously liable without any proof of negligence on its part, and that the proposed indemnitor was negligent (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Here, no determination [*2]has been made in this case as to whether Afternoon Delight is free from negligence (see Broyhill Furniture Indus., Inc. v Hudson Furniture Galleries, LLC, 61 AD3d 554, 556 [1st Dept 2009]).
Castillo contends that Afternoon Delight's duty to maintain the sidewalk could not be delegated. However, while that duty could not be delegated with respect to plaintiff, nothing prevented Afternoon Delight from entering into a maintenance
agreement with Castillo to shift the maintenance obligation (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174 [2019]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024